# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: Bill of Lading Transmission and Processing System Patent Litigation. | § § § § | MDL Docket No. 1:09-md-02050-SSB |
| | § | Individual Docket No. |
| | § | [to be assigned by MDL Clerk] |
| R+L Carriers, Inc., | § | |
| | § | |
| Plaintiff, | § | JUDGE SANDRA S. BECKWITH |
| | § | |
| v. | § | Demand for Jury Trial |
| | § | |
| Affiliated Computer Services, Inc., et al., | § § | |
| | § | |
| Defendants | § | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF

## JOINT MOTIONS TO DISMISS

# TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................... 1

FACTUAL BACKGROUND ........................................................................................ 3

    I.      The Court's Prior Order .................................................................... 3

    II.    R+L Delivers On Its Promise To File Amendments That Disregard The Court's Dismissal Order ...................................................... 4

    III.   R+L Repackages Its Original Factual Allegations And Leaps To A Conclusion Of Direct Infringement ............................................ 5

    IV.   R+L Admits To And Pleads Substantial Noninfringing Use Of The Accused Products ................................................................. 5

    V.    R+L Repackages Its Original Factual Allegations And Leaps To A Conclusion Of Indirect Infringement ........................................ 7

ARGUMENT & AUTHORITIES .............................................................................. 8

    I.      The Re-pleaded and Rejected Claim of "on-sale" liability should be "dismissed not only with prejudice but with annoyance" ..................... 8

    II.    The Plausibility Standard .............................................................. 9

            A.    R+L Does Not Plausibly Identify A Direct Infringer ............................. 11

                 1.    R+L Does Not Plausibly Identify Any Third Party That Performs All Steps Of The Claimed Method ............................ 11

                 2.    R+L Has Abandoned Its Position Regarding A Need For Claim Construction, And Its Divided Infringement Theory Fails to State a Plausible Claim of Infringement ........................ 13

            B.    R+L Fails To Plausibly State A Claim For Contributory Infringement ..................................................................... 15

                 1.    R+L Admits That The Accused Products Have Substantial Non-Infringing Use ................................................... 15

                 2.    No Pleaded Facts Plausibly Allege Defendants' Products Have No Substantial Noninfringing Use And Are Specifically Designed To Be Used To Infringe The '078 Patent ................................................................... 17

            C.    R+L Fails To Plausibly State A Claim For Active Inducement Of Infringement .................................................................... 18

            D.    R+L's Conclusory Claims Demonstrate A Lack Of Subject Matter Jurisdiction .................................................................... 20

CONCLUSION ................................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ....................................................22

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...........................................................1, 10, 12, 18, 20, 22

*Aulson v. Blanchard,* 83 F.3d 1 (1st Cir. 1996) ...........................................................................10

*Bastian v. Petren Resources Corp.,* 92 F.2d 680 (7th Cir. 1990) ....................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................1, 10, 11, 20

*BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) ...............................13

*Cat Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871 (Fed. Cir. 2008) ...............................................21

*Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303 (Fed. Cir.
   1998) .........................................................................................................................................18

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ................................................8

*DSU Med. Corp. v. JMS Comp.*, 471 F.3d 1293 (Fed. Cir. 2006) (en banc in relevant part) ........11

*Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006) ...............................10, 13

*Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008) ...............................................................9

*Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993) ................................................11

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ...........................................................21

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) ........................................13

*O'Brien v. DiGrazia*, 544 F.2d 543 (1st Cir.1976) .......................................................................13

*Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008) .................................11

*Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434 (6th Cir. 1988) .....................13, 16, 17

*Serritella v. Markum*, 119 F.3d 506 (7th Cir. 1997) .......................................................................9

*In re Travel Agent Comm'n Antitrust Litigation,* 583 F.3d 896 (6th Cir. 2009) ...........................10

**RULES AND STATUTES**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ...........................................................1, 3, 6, 10, 22

## INTRODUCTION AND SUMMARY OF ARGUMENT

R+L Carriers, Inc.'s ("R+L") amended claims of contributory and active inducement of patent infringement and new claim of "declaratory judgment of justiciable controversy" against Affiliated Computer Services, Inc. ("ACS"), DriverTech, LLC ("DriverTech"), Intermec Technologies Corp. ("Intermec"), Microdea, Inc. ("Microdea"), PeopleNet Communications Corporation ("PeopleNet"), and Qualcomm Incorporated ("Qualcomm") (collectively, "Defendants") ("R+L's Amended Claims") should be disposed of pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) because R+L fails to state a claim for relief that is plausible on its face.[1]

Despite the Court's specific guidance in its February 23, 2010, dismissal order (Doc. 113) (the "Dismissal Order"), R+L has repeated its allegations that each Defendant is contributing to and inducing the infringement of U.S. Patent No. 6,401,078 ("the '078 Patent") by making, selling, and offering to sell scanners, processors, and software (the "Accused Products").  R+L continues to fail to plead ***facts*** that plausibly support an inference that (1) any Defendant's customer is using accused products as part of practicing all steps of Claim 1 of the '078 Patent, (2) any Defendant is contributing to the infringement by any such customer, or (3) any Defendant has committed specific acts to induce any such customer's alleged infringement.

While R+L's Amended Claims are longer than its previously-dismissed claims, the additional length does not provide the factual substance that the Court required in view of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

---

[1] *See* First Amended Complaint Against ACS (Doc. 124); First Amended Complaint Against DriverTech (Doc. 121); First Amended Complaint Against Intermec (Doc 126); First Amended Complaint Against Microdea (Doc. 122); First Amended Complaint Against PeopleNet (Doc. 125); First Amended Complaint Against Qualcomm (Doc. 123).

Instead, the additional length is largely attributable to (1) augmented "offer for sale" allegations that the Court specifically rejected and (2) redundant allegations that the Court previously found insufficient to support a plausible claim for indirect infringement. *See* Dismissal Order at 13. Newly-pleaded facts – such as the operation of a website, attendance at trade shows, and providing a toll-free telephone number – are at best consistent with R+L's liability theories. Indeed, R+L not only fails to plead facts that permit a reasonable inference that any Defendant is liable for the alleged misconduct, but instead affirmatively pleads facts that are wholly inconsistent with any Defendant's alleged liability.

R+L has also apparently abandoned its previous argument to the Court that, absent claim construction, the issue of whether the '078 Patent required multiple actors is premature. *See* Dismissal Order at 14-15. Instead, R+L now contends that neither the step of "placing" nor "providing" requires construction by the Court. *See* Exhibit 9, R+L's Preliminary Claim Construction For U.S. Patent No. 6,401,078 at 3. Because R+L previously argued that different actors perform the placing and providing steps and now specifically pleads that a Defendant performs the providing step, R+L does not, and cannot, allege direct infringement against any Defendant or third party, and its Complaint should be dismissed.

Finally, in an attempt to get in the backdoor what it could not get in the front door, R+L has added a new cause of action to the Amended Claims – "a declaratory judgment of justiciable controversy." For the same reasons that R+L cannot allege a plausible claim of infringement, its claim lacks the "immediacy" required to support subject matter jurisdiction. Specifically, rather than plead facts that plausibly demonstrate any party is directly infringing or taking concrete steps to directly infringe the '078 Patent, R+L both (1) repleads claims and reaches inferential

conclusions that this Court has rejected and (2) pleads new facts that are wholly inconsistent with its claims for relief.

For these reasons, and as described in greater detail below and in the attached Appendices, R+L's Amended Claims fail to state claims for patent infringement as a matter of law, and they should be dismissed with prejudice under FED. R. CIV. P. 12(b)(6).

## FACTUAL BACKGROUND

## I.    THE COURT'S PRIOR ORDER

After a full set of briefing and a hearing on the merits, the Court issued its Dismissal Order on February 23, 2010, dismissing R+L's claims of contributory infringement and induced infringement for failure to state a claim.  The Court's Dismissal Order and Defendants' previous Motions to Dismiss summarize the claimed method of the '078 Patent and such discussions are incorporated by reference rather than being restated.  *See* Defendants' Joint Motions To Dismiss And For Judgment On The Pleadings With Memorandum In Support (Doc.87); Defendant Qualcomm's Motion To Dismiss Pursuant To FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (Doc.68).

In the Dismissal Order, the Court made several findings, including that:

> (1)    allegations that a defendant advertised or sold a scanner product are insufficient to support the assertion of a specific intent to induce infringement of the '078 Patent;

> (2)    contributory infringement claims require factual pleadings showing that the accused product is (a) a material part of the patented process, (b) especially made or adapted for use to infringe, and (c) not a staple article of commerce suitable to non-infringing use;

> (3)    "offer to sell" liability is not a valid basis for asserting indirect infringement of a method patent; and

> (4)    in order to state a claim for indirect infringement, R+L was required to plead facts "plausibly establishing that direct infringement of

> the '078 Patent has occurred, *i.e.*, that a third party has actually performed each step of the patented method."

(Doc. 113 at 9, 10, 11, and 13.)

## II.  R+L DELIVERS ON ITS PROMISE TO FILE AMENDMENTS THAT DISREGARD THE COURT'S DISMISSAL ORDER

The Court gave R+L until April 6, 2010, to amend and attempt to state a plausible claim for relief, or its claims would be dismissed with prejudice.  (Doc. 115).  On that day, at a status hearing with the Court, R+L not only announced that it was going to re-file its claims against Defendants, but it openly admitted that its re-filing would ***not*** comply with the Court's Dismissal Order.  First, R+L admitted that it still could not identify any facts plausibly establishing a customer of Intermec was directly infringing the '078 Patent:

> [T]he … Intermec amended complaint[] will ***not*** completely satisfy Your Honor's pleading requirements for one reason:  We cannot allege at this time in good faith the existence or identity – well, the identity of – the specific identity of a direct infringer for [Intermec].

Exhibit 8, 04-06-2010 Status Conference at 12.[2]

And, second, R+L admitted that it would continue to assert "offer for sale" liability as a basis for its indirect infringement claims against all Defendants:

> One note that I want to make sure that Your Honor was aware of, each of the amended pleadings as to [the defendants will] contain claims based upon offer to sell liability.  We understand and respect Your Honor's ruling that offer to sell liability is not available with regard to a method patent.

*Id.* at 7-8.

True to its word, R+L filed its Amended Claims later that day, asserting identical claims of contributory and induced infringement (1) against Intermec without identifying an allegedly-

---

[2] Unless otherwise indicated, all emphasis added.

direct infringing customer and (2) against all Defendants asserting claims based largely on "offer for sale" liability.  *See* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

## III.    R+L REPACKAGES ITS ORIGINAL FACTUAL ALLEGATIONS AND LEAPS TO A CONCLUSION OF DIRECT INFRINGEMENT

As to Defendants other than Intermec, R+L's Amended Claims identify one or more specific customers that allegedly use the Accused Products.  R+L then proceeds to leap to the conclusion that such customers infringe the '078 Patent.  Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.  There are, however, no alleged facts consistent with that conclusion, let alone giving rise to a "reasonable inference" that any such customer has actually performed each step of the patented method.

For example, R+L offers the conjecture that the various trucking customers "transmit bills-of-lading from inside the cab to the back office where advance loading manifests are prepared."  Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.  But conspicuously absent from the Amended Claims are ***facts*** that permit any reasonable inference to that effect.  Instead, R+L "describes certain products or services Defendants offer, descriptions largely taken from Defendants' websites, trade publications, and other public information," but neither in the original nor in the newly-identified descriptions does a reference to "loading manifests" or preparation of the same appear.  Dismissal Order at 2.

## IV.    R+L ADMITS TO AND PLEADS SUBSTANTIAL NONINFRINGING USE OF THE ACCUSED PRODUCTS

R+L's inclusion of a claim of contributory infringement is arguably more of a surprise than its inclusion of "offer for sale" theories that the Court previously rejected.  Specifically, on February 2, 2010, the Parties presented oral argument to the Court on Defendants' Rule 12 Motions.  At that hearing, R+L admitted that the accused products are suitable for substantial noninfringing use:

> THE COURT: Okay. And it's your position that R + L does not need to specifically plead that the accused products are not suitable for substantial noninfringing use?
>
> MR. WHITE: No, Your Honor, because this argument is designed to confuse us all between, Is it the scanner that's the product for the noninfringing use – substantial noninfringing use, or is it the process?  The noninfringing -- *yes, I agree that the scanners and the processors and the software have noninfringing use*.  But, Your Honor, if it was as simple as, "Well, can I use this pen for other reasons or can I use this scanner for other things?"  -- answer "No" -- well, then it's open season.  It's wild, wild West on contributory infringement.  If that's all it is, all you've got to do is manufacture a product that can do five things and then you're free to go out and use it to -- to try and get somebody to infringe on a patent, because, hey, I've got an affirmative defense; I can use this thing for five different things.

Exhibit 7, 02-02-2010 TR. at 146-47.

R+L has not only admitted to such substantial noninfringing use, but it has also specifically pleaded factual allegations that are inconsistent with its claim for relief.  By way of example, R+L specifically pleads the following noninfringing uses for the Accused Products:

- "speeds up the billing cycle for faster payment" (Doc. 123 ¶ 25);

- "vehicle location data, geo-fence capabilities, in-cab navigation, content delivery service, automated arrival and departure, and critical event reporting" (*id*. ¶ 37);

- "internet access, in-cab navigation, and premium Wi-Fi Service" (*id*. ¶ 40);

- "handheld/portable solutions for wireless proof-of-delivery and inventory management" (Doc. 125 ¶ 10); and

- "portable signature capture, bar coding, paperless form completion, and digital photographs and turns the mobile device into a multimedia clipboard" (*id*. at ¶ 16).

*See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

## V.    R+L REPACKAGES ITS ORIGINAL FACTUAL ALLEGATIONS AND LEAPS TO A CONCLUSION OF INDIRECT INFRINGEMENT

As with its unsupported conclusion of direct infringement, R+L offers product "descriptions largely taken from Defendants' websites, trade publications, and other public information." Dismissal Order at 2. R+L then proceeds to leap to the conclusion that Defendants actively encourage trucking customers to practice the method taught in the '078 Patent. *See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

R+L apparently now concludes that it has plausibly stated a claim that each Defendant possesses a specific intent to induce infringement – with a product that R+L admits to have substantial noninfringing use – based largely upon (1) facts that the Court previously held inadequate to plausibly state a claim and (2) R+L's conclusions to the contrary. It does so despite the specific requirements, recited timing, and multiple actors that are required under the claimed method and R+L's allegations.

The additional "facts" that R+L relies upon are at best consistent with R+L's liability theory. Those additional facts include the following:

- Defendants operate websites that are publicly accessible, and nearly all of their webpages can be viewed without providing login or password information (Doc. 123 at ¶ 105);

- Defendants websites include product descriptions of the accused products (*id*. at ¶ 106);

- Defendants use their websites to announce new products, services, and technology for its trucking customers (*id* at ¶ 107);

- Defendants encourage visitors to its website to follow it on Twitter for up to the minute updates on innovations (*id.* at ¶ 108);

- Defendants issue press releases (*id.* at ¶¶ 112-115);

- Defendants participate in trade shows and conferences (*id.* at ¶¶ 119-123);

- Defendants have strategic partnerships and alliances (*id.* at ¶¶ 127-132); and

- Defendants provide a physical address toll-free number for potential customers to contact (*id.* at ¶¶ 136-142).

*See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.  And R+L's allegations are devoid of "facts" that,  if they existed, would clearly dominate its Amended Claims.

## **ARGUMENT & AUTHORITIES**

## I.    **THE RE-PLEADED AND REJECTED CLAIM OF "ON-SALE" LIABILITY SHOULD BE "DISMISSED NOT ONLY WITH PREJUDICE BUT WITH ANNOYANCE"**

It is the law of this case that "a method patent cannot be indirectly infringed by a mere offer to sell a product with which to perform a step of the method."  Dismissal Order at 12.  That ruling "should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).  The "law of the case" rule "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"  *Id.*  R+L's Amended Complaint seeks to "agitate" the Court's rulings by asserting claims of "offer for sale" indirect infringement of the claimed method of the '078 Patent, despite having these claims rejected once already.

There is no dispute between the Parties as to whether R+L seeks to agitate the Court's prior ruling. R+L readily admits that is has repleaded a claim that the Court has previously rejected. *See* Exhibit 8, 04-06-2010 Status Conference at 7-8 ("One note that I want to make sure that Your Honor was aware of, each of the amended pleadings as to [the defendants will] contain claims based upon offer to sell liability. We understand and respect Your Honor's ruling that offer to sell liability is not available with regard to a method patent."). Examples of such allegations are scattered throughout its Amended Claims. *See, e.g.*, Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

There is "no foundation in law . . ." to support R+L's excuse that it was "required to replead the dismissed claim lest he be found to have waived the issue on appeal." *Serritella v. Markum*, 119 F.3d 506, 512 n. 6 (7th Cir. 1997). The failure to replead a dismissed claim "is not waiver. It is prudence and economy for parties not to reassert a position that the trial judge has rejected." *Id.* (original modification omitted); *see, also, Bastian v. Petren Resources Corp.,* 92 F.2d 680 (7th Cir. 1990) ("When a final decision is appealed, the appeal brings up all previous rulings of the district court adverse to the appellant.").

R+L's decision to needlessly reassert claims that the Court previously deemed futile defies precedent and logic. When a party repleads a claim that the court previously dismissed – as R+L has admittedly done here – the court should dismiss "the charge, not only with prejudice but with annoyance." *Serritella*, 119 F.3d at 512 n. 6.

## II.    THE PLAUSIBILITY STANDARD

R+L's remaining claims can survive only if the factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). While the Court is

required to draw all reasonable inferences in plaintiff's favor, this does not require the Court to "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusion, periphrastic circumlocutions, and the like need not be credited."   *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996); *see, also, Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 328 (6th Cir. 2006) (court "need not accept unwarranted factual inferences").  Legal conclusions can provide the framework of a complaint, but they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at 1950.  "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*.  That is, the court need not accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Id.*

To survive a Rule 12 challenge, the well-pleaded factual allegations must state a claim for relief that is plausible on its face.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).  Facial plausibility requires pleading facts that permit a reasonable inference that the defendant is liable for the alleged misconduct.  If a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 1949 (2009) (quoting *Twombly,* 550 U.S. at 556-557); *see, also, In re Travel Agent Comm'n Antitrust Litigation,* 583 F.3d 896 (6th Cir. 2009) (upholding dismissal of action where plaintiff "failed to allege sufficient facts plausibly suggesting (not merely consistent with)" the alleged violation).

R+L readily admits that it is not alleging that any Defendant directly infringes the '078 Patent, but it instead asserts claims of indirect infringement.  Where a patentee asserts claims of

indirect infringement, the plausibility standard involves two separate and distinct inquiries. First, because "[l]iability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement," a patentee must plead sufficient facts to support a reasonable inference that direct infringement has taken place. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993); *see, also,* (Doc. 113 at 13) ("[I]n order to state claims for indirect infringement, R+L's complaints must plead specific facts plausibly establishing that direct infringement of the '078 Patent has occurred…."). Second, after a reasonable inference of direct infringement has been reached, the patentee must still allege sufficient facts that support a reasonable inference of the additional requirements of induced or contributory infringement.

Specifically, contributory infringement requires factual allegations that plausibly support the conclusion that the Accused Products are "component[s] especially designed for use in a patented invention" that are "not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008). And, inducement requires factual allegations that plausibly establish that each Defendant had knowledge of the '078 patent and "culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Comp.*, 471 F.3d 1293, 1304, 1306 (Fed. Cir. 2006) (en banc in relevant part).

R+L's Amended Claims fall short of the minimum pleading standard announced in *Twombly* and fail to state a cause of action.

## A.    R+L DOES NOT PLAUSIBLY IDENTIFY A DIRECT INFRINGER

### 1.    R+L Does Not Plausibly Identify Any Third Party That Performs All Steps Of The Claimed Method

R+L alleges that certain trucking companies purchase the accused scanners, processors, and software, and leaps to conclude that such trucking companies therefore directly infringe. However, R+L fails to "plead specific *facts* plausibly establishing that direct infringement of the '078 Patent has occurred, *i.e.*, that a third party has actually performed each step of the patented method." Dismissal Order at 13. Instead, as it did in its Original Claims, R+L offers "descriptions largely taken from Defendants' websites, trade publications, and other public information," and proceeds to *conclude* that a reasonable inference to be drawn from the facts set forth is that trucking companies infringe the '078 Patent. *Id.* at 2. That conclusion is neither "entitled to the assumption of truth" nor is it plausibly supported by R+L's factual allegations. *Iqbal*, 129 S. Ct. at 1950.

A simple reading of Claim 1 of the '078 Patent reveals that it requires an entity that operates a remote processing center to (1) receive a wirelessly-transferred image, (2) utilize "documentation data" at the remote processing center to prepare a "loading manifest," and (3) prepare the same prior to a particular package being removed from its transporting vehicle. R+L's lengthy and convoluted allegations attempt to sidestep the details of which specific entity purportedly operates a remote processing center that performs these steps and when such entity does so. Indeed, despite presenting hundreds of paragraphs of allegations and hundreds of pages of documents pulled from the Internet and other public sources, R+L fails to identify a single loading manifest used by any customer of any Defendant – let alone one that both includes wirelessly-transmitted data and that was prepared prior to removal of a package from a truck.

*See* Exhibit 1*,* ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3*,* Intermec Joinder; Exhibit 4*,* Microdea Joinder; Exhibit 5*,* PeopleNet Joinder; Exhibit 6*,* Qualcomm Joinder.

Devoid from the Amended Claims are ***facts*** suggesting that any party created a loading manifest from scanned, wirelessly-transmitted shipping documentation. This Court need not assume facts that a party fails to plead – particularly facts that would otherwise dominate a complaint. *Harvey,* 453 F.3d at 328 (holding "this court should not assume facts that were not pled"). Rather, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436-37 (6th Cir. 1988) (*quoting O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976)).

In the end, the pleaded facts are at best "merely consistent" with R+L's conclusion. They stop "short of the line between possibility and plausibility" in identifying a direct infringer. *Id.* at 1949. Because theories of contributory infringement and inducement of infringement "require[], as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement," R+L's amended claims of indirect infringement should be dismissed. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007).

### 2. R+L Has Abandoned Its Position Regarding A Need For Claim Construction, And Its Divided Infringement Theory Fails to State a Plausible Claim of Infringement

Independent of the insufficiency of its factual allegations, R+L's Amended Claims should be dismissed because they fail to identify a direct infringer and/or mastermind that controls or directs every step of the entire accused process. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) ("[W]here the actions of multiple parties combine to perform every step of a patented process, the claim is directly infringed ***only if*** one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling

party, i.e., the 'mastermind.'").  While R+L previously avoided this issue by arguing the need for claim construction, it has now apparently abandoned that position.  For example, in R+L's Preliminary Claim Construction, R+L contends that neither the act of "placing" nor "providing" requires construction by the Court.  *See* Exhibit 9 at 2.

The sole independent claim of the '078 Patent requires at least two – and possibly more – participants to jointly perform the recited method.  At least one participant is required to "plac[e] a package on the transporting vehicle" and another is required to "provid[e] a portable image processor capable of wirelessly transferring the image from the transporting vehicle."  *See* '078 Patent at 13:40-14:12; s*ee, also,* Defendants' Joint Motions To Dismiss And For Judgment On The Pleadings (Doc. No. 87); Defendant Qualcomm's Motion To Dismiss (Doc. No. 68).  Indeed, R+L has admitted that its infringement allegations require multiple actors.  Doc. No. 108, 02-02-2010 Hearing at 56-57 (arguing that an ACS customer performs the act of placing and ACS performs the act of providing); at 65 (arguing that a DriverTech customer performs the act of placing and DriverTech performs the act of providing); at 93-94 (arguing that an Intermec customer performs the act of placing and Intermec performs the act of providing); at 103-104 (arguing that a Microdea customer performs the act of placing and Microdea performs the act of providing); at 109 (arguing that a PeopleNet customer performs the act of placing and PeopleNet performs the act of providing); at 130-131 (arguing that a Qualcomm customer performs the act of placing and Qualcomm performs the act of providing).

R+L has now emphasized its divided infringement theory in the Amended Claims.  For example, as to Qualcomm, R+L alleges:

- Qualcomm is a mobile communications and onboard computing ***provider*** for its clients in the transportation industry.  ¶ 13

- Qualcomm partners with Document Capture Technologies, Inc. ("DCT") *to provide* the scanners. ¶ 20

- Another reasonable inference to be drawn from the facts set forth in Paragraphs 63-68 of the Amended Complaint is that Qualcomm contributorily infringed the '078 Patent by selling and *providing* In-Cab Scanning, the Mobile Computer Platform, and other services and devices .… ¶ 70

- Qualcomm *provides* In-Cab Scanning, Mobile Computing Platform and OmniTRACS to its trucking customers, along with its wireless network, to send and receive transmissions from the in-cab scanning device. ¶ 79

- For example, Qualcomm partners with DCT to *provide* scanners for its In-Cab Scanning service. ¶ 130

- According to DCT, it partnered with Qualcomm to *provide* its "proprietary mobile hardware" to be used in conjunction with Qualcomm's In-Cab Scanning service. ¶ 132

Because R+L has admitted that multiple actors are required to perform the claimed process of the '078 Patent and has now abandoned its argument that the steps of "placing" and "providing" require construction by the Court, the Court should conclude that R+L does not and cannot allege a plausible claim of direct infringement.

**B.     R+L FAILS TO PLAUSIBLY STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT**

**1.     R+L Admits That The Accused Products Have Substantial Non-Infringing Use**

R+L correctly admitted that the Accused Products are capable of noninfringing use. As part of doing so, R+L demonstrated a fundamental misunderstanding of its burden in the following colloquy with the Court:

> THE COURT: Okay. And it's your position that R + L does not need to specifically plead that the accused products are not suitable for substantial noninfringing use?

> MR. WHITE: No, Your Honor, because this argument is designed to confuse us all between, Is it the scanner that's the product for the

noninfringing use – substantial noninfringing use, or is it the process?  The noninfringing -- *yes, I agree that the scanners and the processors and the software have noninfringing use*.  But, Your Honor, if it was as simple as, "Well, can I use this pen for other reasons or can I use this scanner for other things?"  -- answer "No" -- well, then it's open season.  It's wild, wild West on contributory infringement.  If that's all it is, all you've got to do is manufacture a product that can do five things and then you're free to go out and use it to -- to try and get somebody to infringe on a patent, because, hey, I've got an affirmative defense; I can use this thing for five different things.

THE COURT: But it isn't an affirmative defense, is it?  It's your affirmative burden to … go back and prove.

MR. WHITE: Well, if that were -- "affirmative defense" is probably the wrong words.  But if that were the burden of proof, nobody would ever get a contributory infringement claim past a motion to dismiss if that were all it took to prove.  It's not -- *the question of substantial noninfringing use is not whether the scanner or the processor is capable of substantial noninfringing use.  That is not the question. That is a red herring from the Defendants. That red herring will lead you down the wrong legal path*....

Exhibit 7, 02-02-2010 TR. at 146-47.

R+L has accused each Defendant of contributory infringement by providing the Accused Products – scanners, processors, and software – to trucking companies.  At minimum, R+L must allege facts that support the legal conclusion that these products were "especially designed" to be used by others to infringe, and that these products "lack substantial non-infringing use." Dismissal Order at 11; *Scheid*, 859 F.2d at 43 (complaint must contain "allegations respecting all the material elements to sustain a recovery under *some* viable legal theory") (emphasis in original).  R+L cannot do so, and it admitted as much to the Court.

R+L does not merely admit that the Accused Products have substantial noninfringing uses – it specifically identifies many such uses in its Amended Claims.  Examples of noninfringing uses are identified in each movant's attached Joinder, and include:

- Acceleration of "the billing cycle for faster payment" (Doc. 123 ¶ 25);

- Transmission of "vehicle location data, geo-fence capabilities, in-cab navigation, content delivery service, automated arrival and departure, and critical event reporting" (*id.* ¶ 37);

- Provision of "internet access, in-cab navigation, and premium Wi-Fi Service" (*id.* ¶ 40); and

- "[P]ortable signature capture, bar coding, paperless form completion, and digital photographs [that] turns the mobile device into a multimedia clipboard" (*id.* at ¶ 16).

*See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

Because R+L simultaneously (1) accused Defendants of contributory infringement through the sale of the Accused Products and (2) alleged substantial non-infringing uses for such products, it is impossible to conclude that R+L has stated a plausible claim of contributory infringement.

> **2.  No Pleaded Facts Plausibly Allege Defendants' Products Have No Substantial Noninfringing Use And Are Specifically Designed To Be Used To Infringe The '078 Patent**

Even in the absence of R+L's admissions and identifications, R+L effectively asks the Court to accept that the Accused Products are specifically designed to and can only (1) scan "an image of … documentation data for the package," and cannot do other types of "scanning," such as scanning meal receipts, tickets, photos, or directions; (2) wirelessly transmit images, instead of data, content, and other information; (3) transmit such images to a remote processing center, as opposed to another location such as a local computer; (4) transmit such images in a manner such that they could only be used "to prepare a loading manifest which includes said package for further transport of the package on another transporting vehicle;" and (5) transmit such images at a time that is prior to the package being removed from the transporting vehicle. *See* Exhibit 10, '078 Patent, Claim 1 (reciting the elements in the patented method).

R+L must plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.  R+L's Amended Claims fall far short of this bar.  In sum, R+L's theory appears to be that a party is guilty of contributory infringement if it sells a product that ***might*** be used in a process, and then encourages the purchaser to practice the process.  *See* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.  That theory, however, is not a contributory infringement theory, but is instead a portion of a theory of induced infringement.  *See, e.g.*, *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1311-12 (Fed. Cir. 1998) (holding the sale of a concrete-cutting saw to induce infringement of a method claim because advertisements encouraged use in accordance with the claims.").

Accordingly, R+L does not, and cannot, allege a plausible claim of contributory infringement against any Defendant, and its Amended Claims should be dismissed.

## C.  R+L FAILS TO PLAUSIBLY STATE A CLAIM FOR ACTIVE INDUCEMENT OF INFRINGEMENT

R+L would have the Court not only make the unreasonable inferential leap that any identified or unidentified customers practice all steps of the '078 Patent, but would further have the Court make a second inferential leap that generic promotional materials amount to active steps to encourage unidentified customers' infringement.  R+L does so despite the fact that: (1) by its terms, the claimed method of the '078 Patent is directed to a detailed process that must be performed at a specific time; (2) by R+L's own admission, the Accused Products have substantial noninfringing uses; (3) R+L's newly-pleaded facts confirm that it advances a theory of divided infringement; and (4) the Court previously refused to make R+L's leaps based upon

substantially similar facts and conclusions that R+L drew from Defendants' promotional materials.

In short, R+L's "new" factual allegations regarding inducement of infringement are largely more of the same allegations that this Court has already found to be deficient. Specifically, R+L offers product "descriptions largely taken from Defendants' websites, trade publications, and other public information."  Dismissal Order at 2.  R+L has also added generic allegations such as:

- Defendants operate websites that are publicly accessible, and nearly all webpages can be viewed without providing login or password information (Doc. 123 at ¶ 105);

- Defendants websites include product descriptions of the accused products (*id.* at ¶ 106);

- Defendants use their websites to announce new products, services, and technology for its trucking customers (*id* at ¶ 107);

- Defendants encourage visitors to its website to follow it on Twitter for up to the minute updates on innovations (*id.* at ¶ 108);

- Defendants issue press releases (*id.* at ¶¶ 112-115);

- Defendants participate in trade shows and conferences (*id.* at ¶¶ 119-123);

- Defendants have strategic partnerships and alliances (*id.* at ¶¶ 127-132); and

- Defendants provide a physical address toll-free number for potential customers to contact (*id.* at ¶¶ 136-142).

*See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.

These added, generic allegations do not allege any misconduct or violations of the '078 Patent by anyone.  They do not even imply any violation of the '078 Patent.  Drawing on "judicial experience and common sense," at best, these allegations infer no "more than the mere

possibility of misconduct" from these allegations.  *Iqbal,* 129 S. Ct. at 1950.  And, R+L's legal conclusions that Defendants actively encourage trucking customers to practice the method taught in the '078 Patent "are not entitled to the assumption of truth."  *Id*. at  1950.

As the Court explained, to prove specific intent, R+L must produce evidence of "active steps . . . taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, [or] show an affirmative intent that the product be used to infringe ...."  Dismissal Order at 7.  When the identified promotional materials are measured against the elements of active inducement, they are insufficient under *Twombly* and *Iqbal* to plausibly state a claim that any Defendant specifically intends to induce others to infringe the specific claimed process of the '078 Patent.  *See, also,* Exhibit 1, ACS Joinder; Exhibit 2, DriverTech Joinder; Exhibit 3, Intermec Joinder; Exhibit 4, Microdea Joinder; Exhibit 5, PeopleNet Joinder; Exhibit 6, Qualcomm Joinder.  This is particularly true (1) given the narrow details required by the claims and (2) when R+L has both admitted that there exists and it identified noninfringing uses of the accused products.

R+L's legal conclusion – that Defendants descriptions of their products' capabilities and the sale of those products amount to a specific intent to induce infringement – is simply not plausibly supported by factual allegations.  R+L does not, and cannot, allege a plausible claim of inducement of infringement against any Defendant, and its Amended Claims should be dismissed with prejudice.

D.    **R+L'S CONCLUSORY CLAIMS DEMONSTRATE A LACK OF SUBJECT MATTER JURISDICTION**

R+L's claim for "a declaratory judgment of justiciable controversy" fairs no better than its claims of infringement.  For a party to avail itself of the Court's powers, it must be able to meet a two-pronged test for jurisdiction, including whether "under all the circumstances … there

is [1] a substantial controversy, between parties having adverse legal interests, [2] of sufficient immediacy" to create a "case" or "controversy" under Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The "immediacy" prong requires that an accused infringer has undertaken "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."  *Cat Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871, 881 (Fed. Cir. 2008).[3]

Despite multiple opportunities, R+L is still unable to plead facts that plausibly demonstrate any party is directly infringing or taking concrete steps to directly infringe the '078 Patent.  As the Court recognized (Dismissal Order at 12), and as admitted by R+L, "[t]here must be direct infringement for there to be indirect infringement."  02-02-2010 Hearing at 31.  Yet, R+L's Amended Claims still fail to plead the most basic facts showing direct infringement is occurring or is likely to occur in the immediate future.  Indeed, it specifically pleads facts that are wholly inconsistent with such a conclusion.  Thus, not only is there no immediate concern regarding direct infringement, there does not appear to be any concern for the foreseeable future.  Without an immediate concern of direct infringement, R+L has no basis to assert the existence of a controversy between the parties for an indirect infringement claim.

R+L's re-assertion of its "offer to sell" claims is demonstrative of the problem.  As R+L previously admitted, it has asserted "offer to sell" infringement liability despite where there has been "no sale, no actual customer, and no prior act of infringement by a future purchaser …." 02-02-2010 Hearing at 37.

---

[3] Even where a court has subject matter jurisdiction, it retains the discretion pursuant to the Declaratory Judgment Act to decline declaratory judgment jurisdiction. *See, e.g., Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995) (stating that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites").

In short, R+L seeks an advisory opinion from the Court regarding whether (1) any unnamed customer of a Defendant *might* be infringing should it ever find facts sufficient to support a claim of direct infringement by such customer and (2) any Defendant *might then* be indirectly infringing by either (a) providing Accused Devices that have substantial non-infringing use or (b) undertaking unknown and unspecified "specific acts" to induce such customer's infringement.  This Court, however, "lacks the power to render advisory opinions." *U.S. Nat'l Bank*, 508 U.S. at 446.  Furthermore, R+L's failure to support claims of infringement require dismissal even if facts once existed to support subject matter jurisdiction.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review . . . .").  Because R+L's declaratory judgment claims are directed to only the *possibility* of infringement, its claim lack the "immediacy" required to support subject matter jurisdiction.  These claims, therefore, necessarily fail to meet the plausibility standard's requirement of "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that the Court dispose of R+L's claims and counterclaims of contributory patent infringement and active inducement of patent infringement pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated:  April 27, 2010

Respectfully submitted,

By:   /s/ Douglas J. Williams
Douglas J. Williams
Laura J. Borst
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 S. Eighth Street
Minneapolis, Minnesota 55402-2112

Telephone: (612) 321-2800
Facsimile: (612) 321-2288

Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

James E. Burke (0032731)
KEATING MUETHING & KLEKAMP LLP
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

**COUNSEL FOR DEFENDANTS
QUALCOMM INCORPORATED,
MICRODEA, INC., AND PEOPLENET
COMMUNICATIONS CORPORATION**


/s/Thomas H. Shunk
Thomas H. Shunk (0025793)
tshunk@bakerlaw.com
Christina J. Moser (0074817)
cmoser@bakerlaw.com
BAKER & HOSTETLER LLP
PNC Center, Suite 3200
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

W. Breck Weigel (0030160)
wweigel@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929.3400
Facsimile: (513) 929.0303

**COUNSEL FOR DEFENDANT
AFFILIATED COMPUTER SERVICES, INC.**

/s/Scott M. Petersen
Scott M. Petersen
spetersen@fabianlaw.com
Phillip D. Dracht
pdracht@fabianlaw.com;
FABIAN & CLENDENIN
215 S. State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:  (801) 531-8900
Facsimile:  (801) 596-2814

**COUNSEL FOR DEFENDANT
DRIVERTECH, LLC**


/s/Carson P. Veach
Carson P Veach
cveach@freebornpeters.com;
Matthew Kramer
mkramer@freebornpeters.com
FREEBORN & PETERS
311 South Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone:  (312) 360-6382
Facsimile:  (312) 360-6995

**COUNSEL FOR DEFENDANT
INTERMEC, INC.**