UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: Bill of Lading Transmission and Processing System Patent Litigation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | MDL Docket No. 1:09-md-2050 |
| | JUDGE BECKWITH |
| R+L CARRIERS, INC., | |
| Plaintiff, | |
| vs. | Case No. 2:10-cv-00090 |
| PITT OHIO EXPRESS, INC., | |
| Defendant. | |

**DEFENDANT PITT OHIO EXPRESS, INC.'S LODESTAR
PETITION FOR ATTORNEYS' FEES AND COSTS**

1. On March 6, 2012, the Court granted Defendant Pitt Ohio Express, Inc. ("Pitt Ohio")'s Motion for Attorneys Fees and Costs. Doc. No. 265.

2. In that March 6, 2012 Order, the Court directed that Pitt Ohio submit a properly supported fee petition using the lodestar method within thirty (30) days or no later than April 6, 2012. *Id.*

3. Pitt Ohio, therefore, submits its Lodestar Petition for Attorneys' Fees and Costs, the accompanying Memorandum and Declaration of Gretchen L. Jankowski, attached hereto as Exhibit A (hereafter "Ex. A, Jankowski Dec.").

WHEREFORE, Pitt Ohio respectfully requests that the Court award it attorneys' fees in the amount of $347,107.50; expenses in the amount of $3,266.46; and costs[1] in the amount of $3,848.05 (hereinafter "expenses").

Dated:  April 4, 2012 

/s Gretchen L. Jankowski
Michael L. Dever (0019076)
(admitted *Pro Hac Vice*)
Gretchen L. Jankowski (0077537)
(admitted *Pro Hac Vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
Firm I.D. No. 038
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: michael.dever@bipc.com
gretchen.jankowski@bipc.com

Mark Landes (#0027227)
Trial Counsel
**ISAAC, BRANDT LEDMAN & TEETOR, LLP**
250 East Broad Street, Suite 900
Columbus, OH  43215-3742
Telephone:  (614) 221-2121
Facsimile:  (614) 365-9516

*Counsel for Defendants and Counterclaim Plaintiff Pitt Ohio Express, Inc.*

---

[1] Pitt Ohio filed its Itemization of Costs at Doc. No. 260-3 on December 27, 2011.

2

**MEMORANDUM IN SUPPORT**

    **I.    THE LODESTAR METHOD**

A district court has wide discretion in determining the amount of attorneys' fees, and its determination will not be overturned absent an abuse of discretion. *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1390 (Fed. Cir. 2009) (citing *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346 (Fed. Cir. 2000)). On March 6, 2012, the Court directed Pitt Ohio to use a lodestar method in submitting its fee petition. Doc. No. 265. Under a lodestar method, the Court must first determine the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Saint-Gobain Autover USA, Inc. v. Xinyi Glass North Am., Inc.*, 707 F. Supp. 2d 737, 758 (N.D. Ohio 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar determination is strongly presumed to be a reasonable fee. *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) (finding that when a party shows that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by the relevant statute). The presumption that all hours reasonably expended are recoverable applies with particular force where an attorney has obtained "excellent results." *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citing *Hensley*, 461 U.S. at 435).

Once the lodestar figure is calculated, the district court may adjust the lodestar amount up or down to account for the unique circumstances of the case. Relevant factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10)

the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 432; *see also Bendix Commercial Vehicle Sys., LLC, v. Haldex Brake Prods. Corp.,* 2011 WL 871413, at *1 (N.D. Ohio Mar. 1, 2011) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999)); *Saint-Gobain Autover USA,* 707 F. Supp. 2d at 758 (citing *Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 435 (6th Cir. 2002)). In determining an appropriate award of attorneys' fees and costs, a court need not analyze or use all of these factors. *Van Horn v. Nationwide Prop. and Cas. Ins. Co.,* 436 Fed. Appx. 469, 500 (6th Cir. 2011) (citing *Hensley*, 461 U.S. at 434 n.9). Many of the factors may be irrelevant in a case or may be included in the lodestar calculation itself. *Id.*

## II.     AMOUNT SOUGHT BY PITT OHIO IS REASONABLE AND HAS BEEN WELL DOCUMENTED

Pitt Ohio's Lodestar Petition for Attorneys' Fees and Costs is based upon careful, daily documentation by the lawyers involved; the use of lawyers at levels appropriate for the tasks involved; and the application of the lodestar formula.

The attorney fees incurred by Pitt Ohio have been fully paid for (or will be fully paid for when due) by Pitt Ohio. Ex. A, Jankowski Dec. ¶ 12. Unlike what R+L may have suspected, Pitt Ohio was not being indemnified for its involvement in this lawsuit (Doc. No. 249, Transcript of Scott Sullivan at 165:15-24, filed under seal as Attachment Y to the Declaration of Gretchen L. Jankowski). Rather, Pitt Ohio has been responsible for the entire sum of attorney fees and expenses incurred by it. As of the filing of the instant petition, Pitt Ohio has paid to BIR the total sum of $312,498.89. Ex. A, Jankowski Dec. ¶ 12.

      **A.**    *Attorneys Fees and Costs Incurred by Pitt Ohio Before the MDL Proceeding*

When this lawsuit was originally filed by R+L on February 1, 2010, Pitt Ohio was not part of the MDL proceeding.  Doc. No. 2 at 2:10-cv-00090.  Pitt Ohio was not placed into the MDL proceeding until May 5, 2010.  Doc. No. 17 at 2:10-cv-00090.  From February 2, 2010 until May 5, 2010, Pitt Ohio incurred $38,988.50 in attorneys' fees and $242.50 in expenses with Buchanan Ingersoll & Rooney PC ("BIR"), its primary counsel.  Ex. A, Jankowski Dec. Attachment 4.  During this same time period, Pitt Ohio incurred $466.00 in attorneys' fees with Mark Landes of Isaac, Brandy, Ledman & Teetor, LP and $400.00 in expenses.  *Id*.  Attachment 5.  Mr. Landes served as Pitt Ohio's local counsel.  *Id*. ¶ 4.

From February 1, 2010 until May 5, 2010, Pitt Ohio's counsel engaged in the following activities in defense of the lawsuit: factual investigation, including the review of the patent at issue and patent history (31.9 hours); preparation of an answer, defenses and counterclaim and preparation of disclosure filings (35.3 hours); response to R+L's request for pre-discovery information (1.5 hours); and the unsuccessful attempt to settle the lawsuit (3.1 hours).  *Id*. Attachments 3, 4 and 5.  Consequently, the total amount of attorneys' fees and costs that Pitt Ohio incurred from February 2, 2010 until May 5, 2010 are customary and typical attorneys' fees and costs that any defendant would incur in the course of defending a patent infringement lawsuit.

      **B.**    *Attorneys Fees and Costs Incurred by Pitt Ohio From Placement into the MDL Proceeding Until the Discovery Stay Was Lifted*

Once Pitt Ohio was placed into the MDL proceeding, its attorneys' fees and costs related to its participation in MDL proceeding did not begin to mount until after November 24, 2010.  Very shortly after being placed into the MDL proceeding, all parties in the MDL jointly moved, on June 8, 2010, to stay discovery and suspend claim construction deadlines until all pending

Rule 12 motions filed by Defendants other than Pitt Ohio were decided.  Doc. No. 157.  The motion to stay was granted by the Court on June 9, 2010.  6/9/10 Notation Order on docket.  On November 24, 2010, with only two defendants remaining in the lawsuit (Pitt Ohio and Berry & Smith Trucking), the Court lifted the discovery stay and established new claim construction deadlines.  Doc. No. 203.

From May 6, 2010 through November 24, 2010, Pitt Ohio incurred $31,946.00 in attorneys' fees and $738.36 in expenses with BIR.  Ex. A, Jankowski Dec. Attachment 4.  During this same time period, Pitt Ohio incurred $180.00 in attorneys' fees and $0 in expenses with Mr. Landes.  *Id*. Attachment 5.

From May 6, 2010 through November 24, 2010, Pitt Ohio was responsible for becoming familiar with applicable Court Orders and requirements already issued in the MDL proceeding; conferring with MDL counsel; reviewing MDL Court opinions and rulings; and preparing and participating in Court conferences.  *Id*. Attachments 3, 4 and 5.  Pitt Ohio's attorneys expended 53 hours performing these tasks.  *Id*.

**C.** *Attorneys Fees and Costs Incurred by Pitt Ohio from the Date Discovery Stay was Lifted Until the Summary Judgment Opinion Was Issued*

Once the discovery stay was lifted, R+L commenced discovery in earnest.  From November 25, 2010 until this Court's grant of Pitt Ohio's motion for summary judgment, Pitt Ohio incurred substantial and the overwhelming majority of its attorneys fees and costs.

From November 25, 2010 through December 13, 2011, Pitt Ohio incurred $215,689.00 in attorneys' fees and $5,123.53 in expenses with BIR.  *Id*. Attachment 4.  During this same time period, Pitt Ohio incurred $1,440.00 in attorneys' fees and $0 in expenses with Mr. Landes.  *Id*. Attachment 5.

6

1. *Written Discovery*

More specifically, Pitt Ohio incurred $39,056.00 in attorneys' fees and $1,883.00 in expenses in connection with written discovery, which includes preparing written requests for production of documents directed to R+L (one set); responding to R+L's written requests for production of documents (two sets), requests for admissions and interrogatories directed to Pitt Ohio; reviewing and producing documents; and responding to R+L's alleged concerns about Pitt Ohio's document production. *Id*. Attachments 3, 4 and 5. A total of 133.3 hours were expended in connection with written discovery. *Id*.

2. *Deposition Discovery*

With respect to depositions, Pitt Ohio incurred $34,344.00 in attorneys' fees and $2,372.17 in expenses connection with the preparation and defense of a 30(b)(6) witness and the preparation and defense of a Pitt Ohio former employee. *Id*. Attachments 3, 4, 5 and 6. A total of 84.8 hours were expended in connection with deposition discovery. *Id*.

3. *Claim Construction*

With respect to claim construction, Pitt Ohio undertook to minimize its attorneys' fees and expenses. More specifically and where it was appropriate, Pitt Ohio used much of the claim construction work that had already been prepared by other Defendants in the MDL matter. As a result, Pitt Ohio incurred $35,522.00 in attorneys fees for claim construction. *Id*. Attachments 3, 4, and 5. A total of 71.7 hours were expended in connection with claim construction. *Id*.

4. *Summary Judgment*

Pitt Ohio incurred $48,995.50 in attorneys fees and $1,954.32 in expenses in connection with the research and drafting of its summary judgment motion, brief and related papers as well as the research and drafting of its opposition to R+L's motion to defer ruling on Pitt Ohio's motion for summary judgment. *Id*. Attachments 3, 4, 5 and 6. A minimal 15.7 hours

7

($3,846.50) was spent in connection with legal research for the summary judgment and was performed by an associate attorney with a lower billing rate than the shareholders working on the case. *Id.* Attachments 3 and 4. A total of 141.8 hours were expended in connection with Pitt Ohio's motion for summary judgment. *Id.* Attachments 3, 4 and 5.

> **D.** *Attorneys Fees and Costs Incurred by Pitt Ohio In Connection with its Motion to Declare the Case Exceptional Until Filing of the Instant Lodestar Petition*

Following the entry of summary judgment, Pitt Ohio then prepared its Motion for Attorneys' Fees and Costs on December 27, 2011 and the within Lodestar Petition for Attorneys' Fees and Costs. Those efforts cost Pitt Ohio $51,743.00 in attorneys' fees and $180.21 in expenses. *Id.* Attachments 3, 4, 5 and 6. A total of 152.5 hours were expended in connection with Pitt Ohio's Motion for Attorney's Fees and Costs and the within Lodestar Petition. *Id.* Attachments 3, 4 and 5.

> **E.** *Attorneys Fees and Costs Incurred by Pitt Ohio in Connection with R+L's Appeal Have Been Excluded*

Within three days after the Court granted Pitt Ohio's motion for summary judgment, R+L filed its Notice of Appeal. Doc. No. 258. To date, Pitt Ohio has incurred $26,525.50 in attorneys fees and $1,337.53 in expenses in connection with R+L's appeal. All of these attorneys' fees and costs have been excluded from Pitt Ohio's Petition. Ex. A, Jankowski Dec. ¶ 10.

### III. THE HOURLY RATES SOUGHT AND OVERALL FEES INCURRED ARE REASONABLE IN VIEW OF SURVEY DATA REGARDING RATES AND FEES IN PATENT INFRINGEMENT CASES

When determining a reasonable hourly rate, courts generally "use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. Appx. 469, 598-99 (6th Cir. Ohio).  However, this Court has previously found that it is reasonable for parties to retain out-of-town counsel in a patent infringement action since "[p]atent litigation is a highly-specialized field of practice." *Swapalease v. Sublease Exchange.com*, No. 1:07-CV-45, 2009 WL 1119591, at *5  (S.D. Ohio April 27, 2009) (citation omitted).  In such cases, the reasonable hourly rate is that of lawyers with comparable skill and experience in counsel's home district.  *Id*. (finding rate of $381 to be reasonable in patent litigation); *see also West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F. Supp. 2d 914, 935 (S.D. Ohio 2009) (finding rate of $479 per hour to be reasonable for senior partners in ERISA litigation); *Bendix Commercial Vehicle Sys. LLC*, 2011 WL 871413 at *2 (approving rates within range of reasonable hourly rates for specialized patent attorneys with comparable qualifications in the Washington D.C. area).

The Court of Appeals for the Federal Circuit and other courts have relied on the economic survey conducted by the American Intellectual Property Law Association (AIPLA) to support the reasonableness of fees incurred in patent litigation.  *Mathis*, 857 F.2d at 755 ("As the law makes clear, the district court properly considered the AIPLA surveys."); *Bendix Commercial Vehicle Sys. LLC*, 2011 WL 871413 at *3; *Swapalease*, 2009 WL 1119591, at *5. The 75th percentile rate from the AIPLA survey data is a typical benchmark to establish reasonableness of billing rates.  *See, e.g., Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 888

9

(E.D. Mich. 2010); *Ultra Coachbuilders, Inc. v. Gen. Sec. Ins. Co.*, 229 F. Supp. 2d 284, 287-88 (S.D.N.Y. 2002); *Water Techs. Corp. v. Calco, Ltd.*, 709 F. Supp. 821, 824 (N.D. Ill. 1989).  If the billing rates are within the range of fees charged by other patent lawyers in the locale involved, these rates are considered reasonable.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (holding reasonable fees are "to be calculated according to the prevailing market rates in the relevant community," with close attention paid to the fees charged by "lawyers of reasonably comparable skill, experience and reputation").

The AIPLA's 2011 Economic Survey, which contains 2010 data, shows that in Ohio (other Central) and Pittsburgh, Pennsylvania (other East), the 75th billing percentile partner rate, without regard to the number of years of experience, is $410 per hour and $420 per hour, respectively.  Ex. A, Jankowski Dec. ¶ 17 and Attachment 7.  The 75th percentile billing associate rate in Ohio (other Central) and Pittsburgh, Pennsylvania (other East), also without regard to the number of years of experience, is $276 per hour and $291 per hour, respectively. *Id*.

For lawyers with fewer than 5 years of intellectual property law experience, the 75th percentile billing associate rate is $325 per hour.  *Id*.  For lawyers with 15-24 years of intellectual property law experience, the 75th billing percentile partner rate is $550 per hour.  *Id*.  For lawyers with 25-34 years if intellectual property law experience, the 75th billing percentile partner rate is $595 per hour.  *Id*.

The AILPA data also includes estimated costs of litigation by location.  The fees are grouped according to the amount of money at risk.  Although the range applicable to the present case was likely in the $1,000,0000-$25,000,000 range based upon R+L allegations that Pitt Ohio

10

was practicing the '078 Patent "across certain of" its commercial operations,[2] Pitt Ohio will use the lowest range reported by AILPA, which is monetary risk less than $1 million. For cases pending in Ohio (other Central) and in Pittsburgh, Pennsylvania (other East), estimated litigation costs for patent infringement lawsuits through the end of discovery range in the 75th percentile range from a low of $481,000 to $625,000, respectively. *Id*. For cases pending in Ohio (other Central) and in Pittsburgh, Pennsylvania (other East), estimated litigation costs for patent infringement lawsuit inclusive with all costs in the 75th percentile range from a low of $763,000 to a high of $2,000,000, respectively. *Id*.

Pitt Ohio's billing rates and overall costs compare favorably with the AILPA survey data. The 2010 rates for the two lead partners on the case, Michael Dever and Gretchen Jankowski, were $510 per hour and $425 per hour, respectively. *Id*. ¶¶ 8-9 and Attachments 3 and 4. The 2011 rates for Mr. Dever and Ms. Jankowski were $540 per hour and $445 per hour, respectively. *Id*. The 2012 rates for Mr. Dever and Ms. Jankowski were $555 per hour and $470 per hour, respectively. *Id*. While the hourly rates for Mr. Dever and Ms. Jankowski are above the 75th percentile 2010 billing rates for Ohio and Pennsylvania, their hourly rates from 2010-2012 are well below the 75th percentile per hour rates for partners with commensurate levels of experience. *Id*. As the professional biographies of Mr. Dever and Ms. Jankowski reveal, these lawyers have been practicing in the intellectual property law and litigation arenas for 28 and 17 years, respectively. *Id*. ¶ 6 and Attachment 1. The other applicable billing rates of the lawyers involved in the case, particularly associate attorneys Corrado Salvatore ($235-$245 per hour), Joshua Marks ($215-$235 per hour) and Mackenzie Baird ($260 per hour), are similarly reasonable and well below the lowest applicable AIPLA 2010 associate rate of $276 per hour even though the associate rates carry into 2012. *Id*. ¶¶ 8-9 and Attachments 3 and 4.

---

[2] Complaint ¶13, Doc. No. 2 in 2:10-cv-00090.

Moreover, the overall attorneys' fees sought of $347,107.50 are well below the lowest estimated litigation cost of $481,000 that could be applicable to this case by over $100,000. *Id*. Attachments 3, 4 and 5.

## IV. RELEVANT HENSLEY FACTORS ADD FURTHER SUPPORT TO THE REASONABLENESS OF THE LODESTAR NUMBER AND SUGGEST NO ADJUSTMENT TO THE FEES IS NECESSARY

### A. *The Excellent Results Obtained Support Pitt Ohio's Fee Petition*

Where a party has obtained excellent results, the attorney should recover a fully compensatory fee. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, Pitt Ohio obtained a complete victory when the Court granted its motion for summary judgment in its entirety. Doc No. 257.

### B. *Pitt Ohio's Lead Attorneys Possess a High Level of Competence in Complex Commercial and Intellectual Property Litigation Matters*

As reflected by the professional biographies of the two lead lawyers representing Pitt Ohio, Mr. Dever and Ms. Jankowski have a high level of expertise in complex and intellectual property litigation matters. Ex. A, Jankowski Dec. ¶ 7 and Attachment 2. Both lawyers have litigated and tried intellectual property cases as reflected by their professional biographies. *Id*. ¶ 6 and Attachment 1.

Additionally, BIR is one of the largest and most prominent intellectual property law firms in the United States. *Id*. ¶ 7 and Attachment 2. BIR has more than 55 high qualified attorneys and patent agents. *Id*. It offers a full range of intellectual property services including patents, trademarks, copyrights, unfair competition, trade secrets and litigation in all of these areas. *Id*. Over 80% of BIR's IP professionals are registered patent practitioners and over 25% served in the U.S. Patent and Trademark Office. *Id*. BIR's IP attorneys are present in key markets where

12

BIR has offices, including New York, Pittsburgh, Alexandria (two blocks away from the USPTO campus), San Diego and Washington, D.C. *Id.*

        **C.**    *BIR's Relationship with Pitt Ohio Supports the Requested Award*

BIR was involved in this case because it has historically represented Pitt Ohio in litigation and non-litigation matters alike. *Id.* ¶ 18. Business records of BIR show that BIR has represented Pitt Ohio since 1990. *Id.* BIR's prior representation of Pitt Ohio and its familiarity with Pitt Ohio's business further supports the reasonableness of Pitt Ohio's decision to hire BIR to represent it in this matter. *See Saint-Gobain Autover USA, Inc. v. Xinyi Glass North Am., Inc.*, 707 F. Supp. 2d 737, 759 (N.D. Ohio 2010) (finding law firm's prior representation and knowledge of party's business and related patents made the law firm "the obvious choice for counsel"); *Bendix Commercial Vehicle Sys. LLC*, 2011 WL 871413 at *2 (approving use of out-of-town specialists that previously represented party in patent litigation); *see also Swapalease*, 2009 WL 1119591, at *5 (finding that it is reasonable "for a party to retain counsel in its own city in order to reduce costs and to facilitate the efficient prosecution of the case").

        **D.**    *Billing Charts and Related Statements Provide Sufficient Evidence to Support the Requested Fees*

A determination of reasonableness must be evidenced by the billing rate charged and the number of hours expended. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). The duty to prove the reasonableness of the number of hours expended is satisfied where the party submits time records that are organized and presented in a manner what will enable the court to evaluate that time. *Saint-Gobain Autover USA, Inc.*, 707 F. Supp. 2d at 763 (citation omitted). Here, the documentation offered in support of the hours charged—billing chart, expense chart and actual invoice summaries[3]—is of sufficient detail and probative value to

---

[3] See Attachments 3-6 to Ex. A, Jankowski Dec. Redacted copies of the daily time records of BIR and Isaac,

enable this Court to determine that the hours were actually and reasonably expended in defense of this litigation. *Id.* (citing *Imwalle v. Reliance Med. Prods.,* 515 F.3d 531, 553 (6th Cir. 2008)).

### E. *Ancillary Expenses to the Litigation are Recoverable as Attorneys Fees*

The Federal Circuit has interpreted attorneys' fees similarly broadly to include all expenses that the prevailing party incurs in preparation for and performance of legal services related to the suits. *Maxwell v. Angel-Etts of California, Inc.*, 53 Fed. Appx. 561 (Fed. Cir. 2002); *see also Central Soya Co. v. Geo A. Horrael & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (interpreting attorney fees under § 285 to "include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit").  Thus, attorneys fees include recovery of all reasonable expenses incurred in prosecuting the action that would typically be billed to the client. These expenses may include (1) costs ordinarily not recoverable under 28 U.S.C. § 1920 and Rule 54(d); (2) fees associated with non-attorneys; (3) lodging expenses of counsel and witnesses. *See e.g. Mathis,* 857 F.2d at 757 (including expenses such as paralegal work, secretarial services, overtime, document preparation, and outside typing services as part of attorney fee award); *Saint-Gobain Autover USA, Inc.,* 707 F. Supp. 2d at 765 (awarding costs for travel, lodging, copying, scanning, court reports, interpreter services, and computer research).

### F. *Time Spent on Fee Petition is Compensable and Reasonable*

Time spent by counsel in establishing the right to a fee award is compensable. *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F. Supp. 2d 914, 931 (S.D. Ohio

---

Brandy, Ledman & Teetor, LP are being filed with the Court under seal as these records have been designated as Confidential Outside Counsel Eyes Only, pursuant to the January 29, 2010 Protective Order entered in this matter at Doc. No. 103.

2009) (awarding fees incurred in preparing fee motions in ERISA action). Such fees have been itemized herein and are also reasonable. *See* Section II.D, *supra*. Further, as reflected on the time entries, allocation of fees and calculations were performed by a legal assistant. Ex. A, Jankowski Dec. Attachments 3 and 4. Non-billable secretarial staff also assisted in this effort to minimize the attorneys' fees involved.

## V.   CONCLUSION

Pitt Ohio respectfully requests that the Court award it attorneys' fees in the amount of $347,107.50; expenses in the amount of $3,266.46; and costs in the amount of $3,848.05.

Respectfully submitted,

Dated:  April 4, 2012

/s Gretchen L. Jankowski
Michael L. Dever (0019076)
(admitted *Pro Hac Vice*)
Gretchen L. Jankowski (0077537)
(admitted *Pro Hac Vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
Firm I.D. No. 038
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: michael.dever@bipc.com
gretchen.jankowski@bipc.com

Mark Landes (#0027227)
Trial Counsel
**ISAAC, BRANDT LEDMAN & TEETOR, LLP**
250 East Broad Street, Suite 900
Columbus, OH  43215-3742
Telephone:  (614) 221-2121
Facsimile:  (614) 365-9516

*Counsel for Defendant and Counterclaim Plaintiff Pitt Ohio Express, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this 4th day of April, 2012 upon counsel of record via the Court's ECF filing system.

              */s Gretchen L. Jankowski*
              Gretchen L. Jankowski