UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Bill of Lading Transmission | : | |
| And Processing System Patent Litigation | : | MDL Docket No. 1:09-md-2050 |
| -------------------------------------------------- | : | |
| THIS DOCUMENT APPLIES TO: | : | Case No. 1:09-cv-532 |
| | : | Case No. 1:09-cv-179 |
| R&L Carriers, Inc., | : | Case No. 1:09-cv-445 |
| | : | Case No. 1:09-cv-818 |
| Plaintiff, | : | Case No. 2:08-cv-862 (D. Utah) |
| v. | : | Case No. 09-cv-144 (D. Minn.) |
| | : | Case No. 1:12-cv-473 |
| AFFILIATED COMPUTER | : | |
| SERVICES, INC., et al., | : | |
| | | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

On December 6, 2012, the presiding district judge referred pending motions in this multi-district patent infringement case to the undersigned magistrate judge pursuant to the Court's May 6, 2011 General Order of Reference.  (Doc. 308).

**I. Procedural History of Pending Motions**

Four motions are pending:  (1) A sealed motion for attorney's fees, expenses and and costs filed by Defendant Intermec Technologies Corp. ("Intermec") (Doc. 175); (2) A motion for Rule 11 Sanctions, also filed by Intermec (Doc. 180); (3) a motion for Attorney Fees filed by Defendants Affiliated Computer Services, Microdea, Inc., and Qualcomm, Inc. (Doc. 190); and (4) a Joint Motion for Attorney Fees filed by Defendants DriverTech LLC, and PeopleNet Communications Corporation (Doc. 204).   All four

motions were originally filed between August 20, 2010 and October 5, 2010, more than two years ago. The four motions were filed shortly after this Court granted the same six Defendants' joint motions to dismiss R&L's amended complaint and counterclaims. (Doc. 162). R&L appealed the District Court's order of dismissal to the Federal Circuit Court of Appeals, which reversed in part on June 7, 2012. (Docs. 274, 280).

On November 7, 2012, the presiding district judge directed the parties to "show cause" why the four motions for sanctions and attorney's fees should not be denied as prematurely filed in light of the Federal Circuit Court of Appeals' opinion and order in *In re Bill of Lading Transmission & Processing Sys. Patent Liti.,* 681 F.3d 1323 (Fed. Cir. 2012). (Doc. 302). In response to that order, all Defendants agreed that three of the four pending motions could be dismissed as premature, without prejudice to renew at a later date. (Doc. 304). However, Defendant Intermec requested that its Rule 11 Motion not be dismissed but proceed, "even if a decision is deferred until later in the case." (Doc. 305).

Based upon the agreement of the parties, the undersigned recommends the denial without prejudice of three of the four motions. In addition, for the reasons that follow, I recommend the denial without prejudice (rather than deferral) of Intermec's Rule 11 motion.[1]

---

[1] All four motions are disposed of on procedural rather than substantive grounds. However, because Rule 11 motions and similar motions for attorney's fees are considered to be dispositive in the Sixth Circuit, the undersigned will dispose of the motions through a Report and Recommendation rather

## II. Analysis of Intermec's Rule 11 Motion

Plaintiff/Counterclaim-Defendant R&L Carriers, Inc. ("R&L") filed a responsive memorandum opposing Intermec's request to keep Intermec's September 2010 Rule 11 motion pending. (Doc. 307). R&L urges this Court to deny the Rule 11 motion on its merits regardless of when it does so, based on the recent opinion of the Federal Circuit Court of Appeals. In addition, R&L "respectfully requests the opportunity to supplement its memorandum in opposition" in light of "intervening events" since the original motion was briefed more than two years ago. (Doc. 307 at 2).

In contrast to R&L's position, Intermec argues that the Federal Circuit affirmed several of the grounds listed in Intermec's original Rule 11 motion, thereby lending further support to Intermec's original motion. However, Intermec does not dispute that the Federal Circuit's opinion impacts some of its original arguments, given the appellate court's determination that both R&L's allegations of direct infringement, and its induced infringement claim against Intermec, met the pleading standards of Rule 8, Fed. R. Civ. P. Nevertheless, Intermec adheres to the view that "discovery will show that R+L had no factual or legal basis for its induced infringement allegations when it filed its complaint and amended complaint and does not have a basis today such that Rule 11 sanctions will ultimately be appropriate." (Doc. 305 at 4).

Intermec seeks deferral of the motion until after discovery concerning R&L's pre-filing investigation is completed, rather than dismissal this time, based upon its concern

than by Order.

that the Rule 11 motion might otherwise be defeated based upon a technicality. Specifically, under the "safe harbor" provision of the rule, a party seeking sanctions "[o]rdinarily" should serve the Rule 11 motion on the opposing party "promptly" after the offending paper is filed, and then await a response prior to filing the motion in open Court. *See* Fed.R.Civ.P. 11, Advisory Committee Notes (1993 Amendments). However, the same notes reflect that in some circumstances, the movant should delay serving the motion "until the other party has had a reasonable opportunity for discovery." *Id.* Here, Intermec's pending Rule 11 motion concerns two separate written papers filed more than two years ago by R&L: (1) R&L's amended complaint; and (2) a Rule 12 motion filed by R&L concerning Intermec's counterclaim.

After R&L filed its original complaint against Intermec in July 2009, Intermec filed an Answer and Counterclaim in September 2009. (Doc. 33). In February 2010, this Court granted the motions of various defendants to dismiss R&L's original complaint (Doc. 113), but also granted R&L leave to amend, subject to certain conditions. R&L filed its amended complaint against Intermec on April 6, 2010 (Doc. 126). Intermec, along with other Defendants, moved to dismiss the amended complaint based upon arguments that it did not comply with the Court's conditions, and instead suffered from the same defects as did the previously dismissed complaint.

On April 21, 2010, R&L filed a Rule 12 motion for judgment on the pleadings concerning Intermec's 2009 counterclaim. (Doc. 136). On April 27, 2010, Intermec moved to voluntarily dismiss that counterclaim or in the alternative, for leave to amend

4

in the event that the Court denied Intermec's then-pending motion to dismiss the amended complaint. (Doc. 141). On July 15, 2010, this Court granted Intermec's motion to voluntarily dismiss the counterclaim, and denied R&L's Rule 12 motion as moot. (Doc. 161). On the same date, the Court granted the Defendants' joint motions to dismiss R&L's amended complaints against them. (Doc. 162).

Arguing that both R&L's amended complaint (Doc. 126) and Rule 12 motion for judgment on Intermec's counterclaim (Doc. 136) were in violation of Rule 11 when filed, Intermec served its Rule 11 motion on R&L on May 3, 2010. When R&L declined to withdraw the amended complaint or its Rule 12 motion within the allotted time period, Intermec sought and was granted leave to file its Rule 11 motion in this Court. (Docs. 152, 179). Thus, the Rule 11 motion that Intermec filed on September 22, 2010 seeks sanctions both for the filing of the amended complaint, and for R&L's Rule 12 motion for judgment on the pleadings concerning Intermec's counterclaim.

By the time that Intermec filed its Rule 11 motion in this Court, the Court had already denied R&L's Rule 12 motion, and granted the motions of Intermec and five other defendants to dismiss R&L's amended complaints in their entirety. (Doc. 162). R&L appealed the dismissal of its amended complaints, including the amended complaint against Intermec.[2] On appeal, the Federal Circuit affirmed the dismissal of R&L's contributory infringement claims, but reversed this Court's dismissal of other indirect infringement claims. With respect to Intermec, the appellate court held that R&L

---

[2] R&L did not appeal this Court's denial of its Rule 12 motion against Intermec.

was not required to identify a specific Intermec customer that was allegedly infringing R&L's patent in order to avoid dismissal of R&L's induced infringement claims against that Defendant.

Intermec argues that if this Court were to now dismiss the original Rule 11 motion without prejudice, then any new Rule 11 motion necessarily would be filed after both the dismissal of R&L's contributory infringement claims (upheld on appeal) and the denial of R&L's Rule 12 motion by this Court (a ruling that was not appealed). Intermec asserts that "R+L would certainly attempt to argue that a newly filed Rule 11 motion regarding those same papers did not comply with the safe harbor provision" because the contributory infringement claim in the amended complaint and the Rule 12 motion no longer exist, and therefore could not be withdrawn by R&L to avoid a new Rule 11 motion. (Doc. 305 at 5). Intermec concedes that this Court would be unlikely to be "swayed by a future attempt by R+L to avoid sanctions based on the technicality that it was not given the benefit of the 'safe harbor' rule." (*Id.*). However, Intermec seeks to avoid dismissal of its pending Rule 11 motion in order to avoid the risk of having to combat such a technical argument. "Intermec therefore asks the Court to defer its consideration of the Motion, and not to dismiss it entirely." (*Id.*).

The undersigned does not read the "safe harbor" provision of Rule 11 as creating the procedural issue that Intermec fears. The safe harbor provision and Committee Notes both refer to the initial *service* of the Rule 11 motion, not to the subsequent filing of the motion of record. The service of Intermec's original Rule 11 motion on R&L on

May 3, 2010 provided R&L with the bases for the motion and with the opportunity to withdraw the challenged amended complaint and Rule 12 motion prior to disposition by this Court, action that R&L chose not to take at that time. As previously noted, Intermec filed its Rule 11 motion in this Court *after* this Court had already disposed of the offending papers (by denying the Rule 12 motion and dismissing the amended complaint). Thus, Intermec has already demonstrated its compliance with the safe harbor provision, at least to the extent of the arguments presented therein, and is assumed to have had little fear that R&L could present a "safe harbor" argument merely because the offending documents had already been disposed of by the time Intermec filed its motion of record. The undersigned reads no additional procedural requirement into Rule 11 that would require Intermec to re-*serve the same arguments on R&L* in a new Rule 11 motion, should this Court deny the original Rule 11 motion without prejudice.

Whether any subsequent Rule 11 motion would be identical to that previously filed is fairly debatable. The procedural history of this case over the past two and a half years since the filing of the original motion, including but not limited to the Federal Circuit's opinion, has clearly changed the relevant arguments. Discovery is also essential to add to or subtract from the remaining arguments. *See Dayco Products, LLC v. Kingdom Auto Parts, Ltd.*, 2008 WL 4387702 at \*\*3-5 (E.D. Mich. Sept. 24, 2008)(citing *Tahfs v. Proctor*, 315 F.3d 584, 594 (6th Cir. 2003) for the proposition that district courts should be hesitant to determine Rule 11(b) violations on the pleadings

7

alone, and recognizing the frequent need for discovery prior to resolving Rule 11 motions in general).

Even Intermec allows that a determination of whether R&L complied with its obligations to conduct a pre-filing investigation of factual and legal claims under Rule 11 must await discovery.[3] In fact, the parties recently filed position briefs regarding the course of discovery in the larger context of the claims presented, with Defendants seeking a ruling that R&L be required to identify direct infringers at the outset in order to continue proceeding on its claims. In that same brief, Defendants additionally argued that "R&L's professed inability to identify a direct infringer amounts to an admission that R&L did not properly investigate its inducement claims prior to filing suit against the Defendants." (Doc. 300 at 7).

The Court rejected Defendants' arguments that R&L should be made to immediately identify direct infringers in order to continue proceeding on its claims. "The court of appeals held that R&L's complaints are sufficient to withstand dismissal, and this Court will not impose this additional disclosure obligation at this point." (*Id.*). Similarly, the Court held that "Defendants' arguments about pre-suit investigation are appropriately raised by motions under Section 285 and/or Rule 11," noting that "nothing will prevent Defendants from seeking information in discovery" and that "R&L's theory and evidence it will use to prove direct infringement, are proper subjects for reciprocal

---

[3]Among the grounds asserted by Intermec for sanctions in its original motion was R&L's alleged failure to conduct a sufficient factual investigation. Rule 11(b)(3) requires factual contentions to have evidentiary support or, "if specifically so identified," to have "likely..evidentiary support after a reasonable

discovery." (*Id.* at 7-8). Presumably, both parties will file additional briefs in support of or in opposition to any Rule 11 motion following discovery.

Having determined that: (1) re-filing of Intermec's Rule 11 motion at a later date does not present R&L with the opportunity to claim an additional "safe harbor" defense for arguments previously presented in Intermec's original motion;[4] (2) the Federal Circuit's opinion and the intervening two and half year procedural history of this case has fundamentally changed at least a portion of the arguments originally presented by Intermec; and (3) discovery and additional briefing would be required to fully resolve the merits of even the existing Rule 11 motion, the undersigned recommends denial of the existing motion without prejudice to renew.

If the Court denies the motion without prejudice to renew, Intermec may still renew its motion without concern that it will run afoul of the safe harbor provision for arguments previously served on R&L prior to the dismissal of the contributory negligence portion of the amended complaint and prior to the denial of R&L's Rule 12 motion. On the other hand, denial of the motion without prejudice offers Intermec the benefit of discovery and the opportunity, if warranted, to refine and provide additional support for any renewed motion. Further deferral of a motion briefed more than two years ago that is already arguably stale (at least in some part) is not recommended. The parties will still need to engage in discovery prior to resolution of the motion, and

---

opportunity for further investigation or discovery."
[4]If Intermec chooses to assert new arguments (not previously presented) concerning the still-existing claims against it, then Intermec would be expected to again comply with the safe harbor

9

will still need to engage in additional briefing given the Federal Circuit's opinion and procedural history of this case. The length of time that this upcoming process would require, in combination with the length of time that has already elapsed since Intermec first served its Rule 11 motion on R&L back in May 2010, supports denial of the older motion without prejudice to renew as the better procedural course.

### III. Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** all four pending motions filed by Defendants (Docs. 175, 180, 190, 204) be **DENIED WITHOUT PREJUDICE TO RENEW** on or before August 14, 2013.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

provisions as to those new arguments.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Bill of Lading Transmission And Processing System Patent Litigation | : : : | MDL Docket No. 1:09-md-2050 |
| -------------------------------------------------- THIS DOCUMENT APPLIES TO: | : : | Case No. 1:09-cv-532 Case No. 1:09-cv-179 |
| R&L Carriers, Inc., | : : | Case No. 1:09-cv-445 Case No. 1:09-cv-818 |
| Plaintiff, v. | : : : | Case No. 2:08-cv-862 (D. Utah) Case No. 09-cv-144 (D. Minn.) Case No. 1:12-cv-473 |
| AFFILIATED COMPUTER SERVICES, INC., et al., | : : | |
| Defendants. | | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11