UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: Bill of Lading Transmission and : MDL Docket No. 1:09-md-2050
Processing System Patent Litigation. :
_____ :

**O R D E R**

This matter is before the Court on Plaintiff R+L Carriers, Inc.'s motion to stay pending patent re-examination (Doc. No. 327). For the reasons that follow, Plaintiff's motion to stay is not well-taken and is **DENIED.**

In June 2013, Plaintiff filed an ex parte application with the Patent and Trademark Office ("PTO") for re-examination of the patent-in-suit in this case, U.S. Patent No. 6,401,078, on the grounds that there were substantial new questions of patentability in light of several prior art references. Plaintiff then filed the instant motion to stay this multidistrict patent infringement litigation pending the resolution of the re-examination proceedings before the PTO. The PTO recently issued a First Office Action rejecting claims 1 through 9 of the '078 Patent as being unpatentable in view of the new prior art references. Doc. No. 344-1. Plaintiff indicates in its supplemental notice that it intends to further contest the PTO's initial rejection of the claims. Plaintiff argues that staying this case while it contests the PTO's action will preserve judicial resources and eliminate duplication of effort.

A district court is not required to stay its infringement action in favor of re-

examination proceedings.  Vikase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001).  Indeed, Congress envisioned that re-examination would take place concurrent with litigation.  Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1339 (Fed. Cir. 2013).  While the decision to stay the case rests with the sound discretion of the trial court, this Court is not inclined under the present circumstances to grant Plaintiff's motion.

The Court understands of course that the re-examination proceedings present the possibility of truncating these infringement lawsuits and declaratory judgment actions, particularly in light of the PTO's initial determination that the claims are unpatentable.  This potential saving of judicial and party resources, however, comes at the substantial cost of delaying resolution of these already four-year-old cases for an additional two or more years until Plaintiff exhausts the PTO's administrative appeals process.  If Plaintiff is not satisfied with PTO's final determination on re-examination, there is the possibility of even more delay if there is an appeal taken to the Federal Circuit Court of Appeals.  In the meantime, these patent infringement lawsuits will cloud, for lack of a better term, Defendants' alleged infringing products and, as they accurately argue, interfere with their business relationships.  On the other hand, the Court has held a Markman hearing and is prepared to issue a claim construction order.  Although discovery is not completed, in all likelihood these cases could be prepared for a judicial resolution on the merits at least by the time the re-examination proceedings are concluded.

In summary, the Court appreciates that judicial and party resources might be preserved by waiting for the re-examination proceedings to conclude.  The Court,

however, finds that the prejudice to the Defendants in granting a stay of indefinite but probably lengthy duration in this already-protracted litigation outweighs the somewhat illusory savings in judicial and party resources.

Accordingly, Plaintiff's motion to stay is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Dated: December 31, 2013                     s/Sandra S. Beckwith
                                            Sandra S. Beckwith
                                            Senior United States District Judge