**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE: Bill of Lading Transmission and Processing System Patent Litigation. _____ | : : : : | MDL Docket No. 1:09-md-2050 |

**O R D E R**

This matter is before the Court on the motion for summary judgment filed by Defendants Drivertech, LLC, Intermec Technologies Corporation, Microdea, Inc., and PeopleNet Communications Corp.  Doc. No. 407.  In their motion, Defendants contend that the patent-in-suit in this case, U.S. Patent 6,401,078 ("the '078 Patent"), owned by Plaintiff R+L Carriers, Inc., is invalid under 35 U.S.C. § 101 because it claims patent-ineligible subject matter.  The Court agrees.  Accordingly, Defendants' motion for summary judgment is well-taken and is **GRANTED.**

The '078 Patent claims a method for preparing advance loading manifests for use in (but not necessarily limited to) the less-than-a-load ("LTL") trucking industry.  According to the specification of the '078 Patent, LTL shippers collect many small packages during the day, transport them to a central terminal, remove them from the truck, consolidate the packages with other packages heading in the same direction, and then load them onto another truck for further shipment. '078 Patent, col. 1, ll. 21-47.  The '078 Patent purports to improve the efficiency of LTL operations by transmitting each package's shipping information to the central terminal before the package actually arrives at the terminal.  By


having the package's shipping information in advance, the shipping clerks can plan the further shipment of the package in advance. Efficiency results because there is less turnaround time for the package at the terminal and fewer delivery trucks will depart the terminal with partial loads. Id. col. 3, ll. 2-15.

The '078 Patent has one independent claim which, after being amended during re-examination proceedings, claims the following:

> 1. A method for transferring shipping documentation data for a package from a transporting vehicle to a remote processing center comprising the steps of:
>
>    placing a package on a transporting vehicle;
>
>    using a portable document scanner to scan an image of the documentation data for the package, said image including shipping details of the package;
>
>    providing a portable image processor capable of wirelessly transmitting the image from the transporting vehicle;
>
>    wirelessly sending the image to a remote processing center;
>
>    receiving the image at said remote processing center; and
>
>    prior to the package being removed from the transporting vehicle, utilizing said documentation data at said remote processing center to prepare [a] an advance loading manifest document for another transporting vehicle which includes said package for further transport of the package on another transporting vehicle.

See Doc. No. 367-3 (Reexamination Certificate).

In their motion for summary judgment, Defendants contend that the '078 Patent claims nothing more than the abstract idea of getting shipping information to load planners earlier in order to accelerate the creation of a loading manifest and that it is, therefore, ineligible for patent protection under 35 U.S.C. § 101. The Court agrees.

Section 101 of Title 35 of the United States Code establishes the basic requirement for the patentability of an invention:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. § 101. As can be seen, "new and useful" processes, machines, manufactures, and compositions of matter are eligible for patent protection. CLS Bank Int'l. v. Alice Corp. Pty. Ltd., 717 F.3d 1269, 1276 (Fed. Cir. 2013). Excluded from § 101, however, are "laws of nature, natural phenomena, and abstract ideas." Diamond v. Diehr, 450 U.S. 175, 185 (1981). In this case, as already stated, Defendants argue that the '078 Patent claims an abstract idea and, therefore, is invalid under § 101.

Determining patent eligibility is a two-step process. First, the court must determine whether the claims of the patent are directed towards a patent-ineligible concept - in this case, whether the patent is directed towards an abstract idea. Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347, 2355 (2014). Neither the Supreme Court or the Federal Circuit Court of Appeals have established the exact contours of an abstract idea. As is relevant in this case, however, as a general rule, fundamental economic and conventional business practices are abstract ideas. DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245, 1256 (Fed. Cir. 2014).

If the claims are directed towards a patent-ineligible concept, the court proceeds to the second step. Here, the court must determine whether the claims, considered both individually and as an ordered whole, contain an "inventive concept" that transforms the abstract idea into a patent-eligible invention. Alice Corp., 134 S. Ct. at 2357; DDR Holdings, 773 F.3d at 1255. This step is to ensure that the claim has additional features to prevent the patentee from drafting claims that monopolize the abstract idea. Alice Corp., 134 S. Ct. at 2357. As another general rule, claims that simply implement the abstract idea

-3-

by using a computer in a conventional or generic way lack an inventive concept and, consequently, will not be patent-eligible. Id. at 2357-59.

Whether the claims are directed towards patent-eligible subject matter is a question of law for the court. In re Bilski, 545 F.3d 943, 951 (Fed. Cir. 2008). Patent eligibility is appropriately resolved on a motion for summary judgment if there are no disputed issues of fact. Mortgage Grader, Inc. v. First Choice Loan Serv. Inc., 811 F.3d 1314, 1325 (2016). In this case, there are no genuine issues of material fact which preclude resolving whether the '078 Patent is directed towards patent-eligible subject matter on a motion for summary judgment. Howes v. Medical Components, Inc., 814 F.2d 638, 643 (Fed. Cir. 1987). The Court concludes that the '078 Patent is invalid under 35 U.S.C. § 101 because it is directed towards a patent-ineligible abstract idea.

The record shows that the '078 Patent is directed to the abstract idea of creating an advance loading manifest and it only transfers this idea to a generic technological environment (i.e.,the use of scanners, transmission and receiving devices, and load planning software) in order to execute it. See '078 Patent, Abstract ("The present invention automates the process of receiving transportation documentation and producing advance loading manifests therefrom to optimize load planning and dynamic product shipment and delivery control.") (emphasis added). More specifically, the abstract idea encompassed by '078 Patent is the "process of receiving transportation documentation and producing advanced loading manifests therefrom." Id. And, at an even more basic level, the abstract idea claimed by the '078 Patent is simply "getting shipping information to the load planners faster." See Clair Dep. (Doc. No. 407-3), at 56-57 ("Q. If we look at Paragraph 39 of your report, is the gist of the invention getting details about incoming packages to the load

planners early so they can begin building the load plans and preparing the load manifest before the last truck arrived? A. Yes."). It is even possible that the abstract idea of the '078 Patent is nothing more than "creating a loading manifest" and that it discloses nothing more than a shift in timing as to when the loading manifest is created (i.e., before the transporting vehicle arrives at the terminal versus after the transporting vehicle arrives at the terminal).

The conclusion that the '078 Patent claims an abstract idea is buttressed by R+L's expert, Lee Clair. Clair testified in his deposition that the method claimed in the '078 Patent could not be performed until there was an advance in technology - the availability of the scanners, transmitters, and receivers that form the backbone of the claimed method. Clair Dep. (Doc. No. 407-3) at 98-99. Thus, his testimony illustrates that the '078 Patent is directed towards an abstract idea that simply uses technology to execute it. Cf. Electric Power Group v. Alstom S.A., ___F.3d___, No. 2015-1778, 2016 WL 4073318, at *4 (Fed. Cir. Aug. 1, 2016)(stating that the patent-in-suit was directed towards a patent-ineligible concept because "the focus of the claims is not on . . . in improvement on computers as tools, but on certain abstract ideas that use computers as tools"). The record also shows that preparing a loading manifest is a conventional business practice of the LTL trucking industry, which further cements the conclusion that the '078 Patent claims an abstract idea. See '078 Patent, col. 1, ll. 59-67 (describing the loading manifest preparation process before the claimed invention); Clair Dep. at 85 (testifying that loading manifests existed before the filing date of the '078 Patent); DDR Holdings, 773 F.3d at 1256 ("We know that some fundamental economic and conventional business practices are also abstract ideas.").

Accordingly, for all of the above reasons, the Court concludes that the '078 Patent is drawn to an abstract idea that is not patent-eligible.

The Court next considers whether the '078 Patent implements the abstract idea of preparing advance loading manifest documents in an inventive way. Alice Corp., 134 S. Ct. at 2355. As already stated, however, applying computer or other technology to execute an abstract idea does not mean that the patent claims eligible subject matter. Id. at 2358-59. In this case, the '078 Patent does not implement the abstract idea of producing advance loading manifest documents in an inventive way. The steps of the claimed method, as informed by the '078 Patent's specification, simply use available technology, performing its standard functions, to execute the abstract idea of getting shipping information to load planners faster. See generally '078 Patent, cols. 3-6. The image scanners simply scan images, the transmitters simply transmit the images, the receivers simply receive the images, and the load planning software simply extracts the data from the images and transforms the data into a loading manifest. Id. The patent does not solve any technological problems and it specifically relies on commercially-available hardware and software to execute the method. '078 Patent, col. 2, ll. 18-22 (noting that load planning software has been developed to perform load planning and shipping functions); id. cols. 4-6 (describing the use of commercially-available document scanning and transmission/communications systems in the method); see Electric Power Group, 2016 WL 4073318, at *5 (finding that the claims lacked an inventive concept where the specification required nothing more than conventional, off-the-shelf computers to perform the method). The fact that the execution of the abstract idea can be carried out more efficiently through the use of technology does not mean that the patent covers eligible subject matter. See

CLS Bank, 717 F.3d at 1286 ("[S]imply appending generic computer functionality to lend speed or efficiency to the performance of an otherwise abstract concept does not meaningfully limit claim scope for purposes of patent eligibility.").

The specification of the '078 Patent also indicates that, at bottom, the process of preparing a loading manifest is nothing more than a routine data collection exercise that is not patent-eligible. OIP Tech., Inc. v. Amazon.com, Inc., 788 F.3d 1359, 1363 (Fed. Cir. 2015); see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014)(using a generic scanner and computer to extract data from hard copy documents was an abstract idea that lacked inventive concept). For instance, the specification describes that prior to the claimed invention, LTL drivers would return to the shipping terminal at the end of the day with their bills of lading and present them to the shipping clerks. The shipping clerks would then enter the shipping data into the computer system. The data would then be transmitted to the loading dock for further load planning. '078 Patent, col. 1, ll. 59-67. The '078 Patent in essence recites the traditional method of preparing a loading manifest (i.e., truck drivers presenting their bills of lading to shipping clerks) and only shifts the timing of the data collection process so that it occurs at least no later than the return of the transporting vehicle. But there is nothing "inventive" about shifting the timing of the data collection process - indeed, it seems a matter of common sense. This is all the more true when, as already stated, the execution of the method depends entirely on the conventional operation of commercially-available technology. See Alice, 717 F.3d at 1286; Content Extraction, 776 F.3d at 1348.

Two final points. That the '078 Patent does not preempt all other methods of creating an advance loading manifest, such as a method where the driver faxes bills of lading from

a truck stop to the terminal, does not mean that the '078 Patent covers patent-eligible subject matter. Vehicle Intelligence & Safety, LLC v. Mercedes-Benz USA, LLC, 635 Fed. Appx. 914, 918-19 (Fed. Cir. 2015).  Lastly, whether the claims of the '078 Patent are novel is immaterial to the question whether they claim patent-eligible subject matter because novelty is a separate question from patent eligibility.  Diamond, 450 U.S. at 189-90.

In summary, the Court concludes that the '078 Patent is directed towards an abstract idea that it does not implement in an inventive way and that, therefore, it does not claim patent-eligible subject matter under 35 U.S.C. § 101.  Consequently, the '078 Patent is invalid.  Accordingly, Defendants' motion for summary judgment is well-taken and is **GRANTED.**

**IT IS SO ORDERED.**

Dated: August 29, 2016         s/Sandra S. Beckwith
                               Sandra S. Beckwith
                               Senior United States District Judge