IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: Bill of Lading Transmission and
Processing System Patent Litigation.
_____

: MDL Docket No. 1:09-md-2050
:
:
:

This document relates to:

R+L Carriers, Inc.,
    Plaintiff

Case No. 1:09-cv-445

vs.

Qualcomm, Inc.,
    Defendant

**O R D E R**

This matter is before the Court on Defendant Qualcomm, Inc.'s ("Qualcomm") motion for attorney's fees and costs pursuant to 35 U.S.C. § 285. Doc. No. 389. For the reasons that follow, Qualcomm's motion for attorney's fees and costs is well-taken and is **GRANTED**.

The U.S. Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A case is "exceptional" within the meaning of § 285 if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). The district court should determine whether a patent case is exceptional under the totality of the circumstances of

the case. Id. A non-exclusive list of factors for the court to evaluate in determining whether the case is exceptional include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994). The movant must establish its right to exceptional case fees by a preponderance of the evidence. Octane Fitness, 134 S. Ct. at 1758.

This case started over seven years ago when R+L Carriers, Inc. filed patent infringement suits in this district against six different alleged infringers of its U.S. Patent 6,401,078 ("the '078 Patent"). The '078 Patent claimed a method for scanning and wirelessly transmitting bills of lading to a remote processing center for the purpose of creating an advance loading manifest. Two other defendants filed actions for declarations of non-infringement of the '078 Patent in Utah and Minnesota. In June 2009, the Judicial Panel on Multidistrict Litigation consolidated these eight cases before the Court under the caption In re Bill of Lading Transmission and Processing System Patent Litigation. Other defendants, including Qualcomm, were added to the MDL shortly thereafter. R+L accused Qualcomm of contributory infringement and induced infringement of the '078 Patent. Qualcomm eventually became the prevailing party after narrowing amendments to the '078 Patent precluded R+L's ability to recover infringement damages from Qualcomm.

The Court will not endeavor to recite in detail the history of this case - it is too long and too complicated. The Court will, however, note the following significant events:

1. R+L pled itself out of court on its contributory infringement claims because its own complaints demonstrated that the accused products have substantial non-infringing uses.

In re Bill of Lading Transmission & Proc. Sys. Pat. Lit., 681 F.3d 1323, 1337-38 (Fed. Cir. 2012).

2. R+L's induced infringement claims survived on direct appeal, id. at 1346, but this, as will be seen, turned out to be more or less a hollow victory.

3. R+L's lost its claim for direct infringement against Pitt-Ohio, Inc. In re Bill of Lading Transmission & Proc. Sys. Pat. Lit., No. 1:09-md-2050, 2011 WL 6179256 (S.D. Ohio Dec. 13, 2011), aff'd, 497 Fed. Appx. 65 (Fed. Cir. 2013). The Court also ordered R+L to pay Pitt-Ohio about $260,000 in exceptional case fees and costs. Doc. Nos. 265 & 273.

4. R+L initiated ex parte re-examination proceedings of its own patent and was compelled to amend the '078 Patent to overcome anticipation and obviousness rejections by the patent examiner. Doc. No. 344-1. The amendments were substantive and narrowed the scope of the original claims. As a result of the amendments, R+L was foreclosed from recovering infringement damages from Qualcomm. R+L Carriers, Inc. v. Qualcomm, Inc., 801 F.3d 1346 (Fed. Cir. 2015); Doc. No. 372.

5. The Court declared the '078 Patent invalid for claiming patent-ineligible subject matter. Doc. No. 410.

Qualcomm asserts the following grounds for an award of exceptional case fees: 1) R+L's alleged failure to conduct an adequate pre-suit investigation; 2) R+L's failure to plausibly identify a direct infringer of the '078 Patent; 3) R+L's alleged pursuit of infringement claims it knew were baseless; 4) R+L's continued assertion of direct infringement allegations it allegedly knew were false; 5) R+L's assertion of contributory infringement claims it allegedly knew were baseless; 6) R+L's continued assertion of claims it allegedly knew were invalid; 7) R+L's breach of the Court's order staying third-party

discovery; and 8) the totality of the circumstances in the case, including an alleged pattern of abusive and vexatious litigation conduct. Qualcomm estimates that it has incurred approximately $1,975,000 in attorney's fees to date. There are, however, at least two immediate problems with Qualcomm's motion.

First, much of R+L's alleged litigation misconduct about which Qualcomm complains was, by Qualcomm's own admission, directed towards other defendants in the case and not towards Qualcomm. For instance, Qualcomm's complaint about R+L's alleged baseless direct infringement claims cites only conduct directed towards Defendant Berry & Smith Trucking, Ltd. Similarly, Qualcomm cites R+L's litigation misconduct concerning Defendant Pitt-Ohio, Inc. That misconduct, however, not only does not concern Qualcomm, but has already been addressed and remedied by the Court. Doc. Nos. 265 & 273. Other alleged misconduct concerns only Defendants PeopleNet Communications Corp. and DriverTech, LLC. To the extent that Qualcomm bases its motion on conduct involving only other parties to the case, the Court will not consider it.

Second, several grounds for attorney's fees are or seem to be foreclosed by the Federal Circuit's first opinion in this case, In re Bill of Lading Transmission & Proc. Sys. Pat. Lit., 681 F.3d 1323, 1337-38 (Fed. Cir. 2012). For example, Qualcomm complains that R+L failed to plausibly allege that there was a direct infringer of the '078 Patent. The Federal Circuit, however, ruled that R+L had plausibly alleged that direct infringement of the patent-in-suit had occurred. Id. at 1334-35. Similarly, while Qualcomm alleges that R+L failed to conduct an adequate pre-suit investigation, R+L's amended infringement claims were based on publicly available information that the Federal Circuit concluded plausibly showed that Qualcomm had induced infringement of the patent. Id. at 1345-46. In light of that

-4-

ruling, it would be difficult if not impossible for this Court to conclude that R+L's pre-suit investigation was not adequate.

The Court, therefore, will disregard the first four grounds cited by Qualcomm for an award of attorney's fees. There still remain, however, significant aspects of R+L's conduct in the case that favor declaring the case exceptional.

First, once R+L drafted a complaint that on its face showed that the accused products have substantial non-infringing uses, it should have gone back to its word processor and deleted its contributory infringement claims. While resolution of this issue did not occupy much time, it was patently obvious that R+L's contributory infringement claims were deficient. They should never have been a part of this case. That they were, however, is consistent with R+L's demonstrated tendency to plunge ahead with its claims regardless of the facts. See, e.g., Doc. No. 265, at 19-23 (citing R+L for drawing unreasonable inferences from the facts in the Pitt-Ohio litigation).

Second, the Court is concerned that R+L continued to press its infringement claims against Qualcomm despite being on notice for several years that the '078 Patent likely was invalid in light of several prior art references. Most compellingly, as Qualcomm points out, in 2010, Berry & Smith cited Cukor, Bradley,[1] Scapinakis, N&M, and HighwayMaster as invalidating prior art references. See Doc. No. 389-2. Additionally, on two separate occasions Cargo Transporters, Inc. identified HighwayMaster as an invalidating prior art reference. See Doc. Nos. 389-8, 389-9. Three years later, R+L cited these same prior art

---

[1] The Bradley reference is an article entitled "The Quiet Revolution in Trucking Services." The patent examiner short-handed this reference to "Quiet" in the first office action. Doc. No. 344-1.

-5-

references to the Patent & Trademark Office as raising substantial new questions of patentability in its ex parte application to re-examine the '078 Patent. Doc. No. 344-1, at 5-6. And indeed, the PTO concluded that the '078 Patent was anticipated and/or obvious in view of these references. While the Court is not per se faulting R+L for initiating ex parte re-examination proceedings, the fact that it waited three years[2] to institute them after being on notice of prior art references that raised substantial new questions of patentability was unreasonable and materially delayed the resolution of this lawsuit.

Third, R+L admittedly violated the Court's order staying third-party discovery. Its excuse that it believed that the issuance of the Court's claim construction order re-opened third-party discovery is not reasonable. During a conference call in November 2013, the Court clearly indicated that it would conduct another conference call after it issued its claim construction order to discuss whether third-party discovery would be needed and permitted. Doc. No. 346, at 9-11. Moreover, R&L's conduct in unilaterally reissuing subpoenas to third-parties was again consistent with its practice of unreasonably interpreting facts and proceeding according to its own view of the world. See Doc. No. 356 (telephone conference of January 31, 2014 regarding R+L's violation of the discovery stay), at 11 ("Well, Mr. White, I did not say or do anything, in my opinion, that would lead you reasonably to believe that the stay had been lifted."); id. at 12 ("I gather from the problem we have now that henceforth any order I issue will have to be in writing and wordsmithed to the extent possible so that there is complete clarity on what I have in mind."). R+L's

---

[2] The Court recognizes that the case was on appeal to the Federal Circuit from approximately July 2010 to June 2012. Nevertheless, nothing prohibited from R&L from initiating re-examination proceedings while the case was on appeal.

violation of the discovery stay caused the Court, the Defendants, and their customers considerable annoyance and inconvenience.

Fourth, considering the totality of the circumstances of the case, as the dust finally begins to settle, what has transpired here can only be considered a complete and utter rout of R+L by the Defendants.  R+L lost on almost every single legal and factual issue that arose in the case.  In most instances, the issues were not even close.  R+L did manage to sufficiently plead claims for inducing infringement, but that achievement, as mentioned, was insignificant considering that R+L subsequently lost its infringement claims against Qualcomm because of the re-examination proceedings that R+L itself initiated.  While the mere fact that R+L lost the case is not alone grounds to declare it exceptional, <u>Octane Fitness</u>, 134 S. Ct. at 1753, the lopsidedness of the results in this case weigh heavily in favor that finding.

The Court concludes that a preponderance of the evidence shows that this is an exceptional case entitling Qualcomm to recover its attorney's fees.  Accordingly, Qualcomm's motion to declare this case exceptional pursuant to 35 U.S.C. § 285 is well-taken and is **GRANTED**.  Qualcomm shall file a fee petition within thirty (30) days of the date of this order.  Briefing on Qualcomm's fee petition shall then proceed according to S.D. Ohio Civ. R. 7.2(a)(2).

**IT IS SO ORDERED.**

Dated: September 28, 2016                       s/Sandra S. Beckwith  
                                                 Sandra S. Beckwith  
                                Senior United States District Judge