UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: Bill of Lading Transmission and Processing System Patent Litigation. | MDL Docket No. 1:09-md-2050 |
| THIS DOCUMENT APPLIES TO: | Case Nos. 1:09-CV-179<br>1:09-CV-445<br>1:09-CV-472<br>1:09-CV-502<br>1:09-CV-532<br>1:09-CV-818 |
| R&L Carriers, Inc., | |
| Plaintiff, | |
| vs. | |
| Intermec Technologies Corp., | |
| Defendant. | |

**ORDER**

This matter comes before the Court on the petitions for attorneys' fees and costs filed by defendant Intermec Technologies, Inc. (Doc. No. 436).[1] R+L has filed a comprehensive ("All Cases") memorandum in opposition to Defendants' Petitions for Attorneys' Fees (Doc. No. 441) and a Notice of Supplemental Authority (Doc. No. 429). The defendants have filed a comprehensive reply (Doc. No. 444). Additionally, Intermec filed a Supplemental Petition for Attorneys' Fees and Memorandum in Support (Doc. No. 461), R+L filed a Memorandum in Opposition to Intermec's Supplemental Petition for Attorneys' Fees (Doc. No. 468) and Intermec filed a Reply Brief in Support of Intermec's Supplemental Petition for Attorneys' Fees (Doc. No. 478) directed to the fees and costs incurred by Intermec in connection with its defense of this

---

[1] At the time Intermec filed its petition for attorneys' fees and costs, four defendants remained in the case. Since then, all of the other defendants have settled their remaining issues with Plaintiff, R+L. *See* Stipulation of Dismissal as to all Claims between R+L Carriers, Inc. and DriverTech, LLC (Doc. No. 469) and Joint Stipulation of Dismissal and Order as to R+L Carriers, Inc. and PeopleNet Communications Corporation and Microdea, Inc. (Doc. No. 476).

-1-

Court's summary judgment of invalidity of the '078 patent and the fees and costs incurred in connection with the preparation of the initial fee petition and reply. The Federal Circuit summarily affirmed this Court. (Case No. 1:09-cv-00472, Doc. No. 29.) Thus defendant Intermec's petitions are ripe for decision.

The Defendant's petitions are based, per the Court's previous direction (Doc. No. 430), on a calculation of the lodestar amount, *i.e.*, a reasonable number of hours expended billed at a reasonable hourly rate, together with any reasonable costs, expenses, and clerical assistance.

Intermec Technologies Corp. ("Intermec") seeks attorneys' fees in the sum of $1,522,714.49. Included in this amount are attorneys' fees related to the first appeal in this matter. Intermec points to its Rule 11 letter and motion pre-dating and pending prior to that appeal as justification for its fees incurred during this period. R+L refused to accept and acknowledge the impossibility that Intermec's bar code technology could not have infringed R+L's patent. Intermec does not seek travel time charges reimbursement nor for time spent by local counsel.

Intermec seeks additional fees of $145,803.00 related to its defense of this Court's summary judgment of the invalidity of the '078 patent together with fees incurred for the preparation of the fee petition and reply and has submitted detailed billing records showing individual attorneys' hourly rates, hours spent on this case and the nature of the work performed. The Court is satisfied that Intermec has supplied sufficient information to the Court to allow a reasoned review of the fees and costs sought. Furthermore, the Court is satisfied that Intermec's attorneys' hourly rates are reasonable for their experience and expertise.

## Intermec Technologies Corp.

Intermec Technologies Corp. ("Intermec") seeks attorneys' fees in the case prior to the last appeal in the sum of $1,522,714.49. This breaks down as follows:

| | |
|---|---|
| July, 2009 to December 30, 2009 | $ 117,394.01 |
| January 1, 2010 to February 23, 2010 | $ 206,631.06 |
| February 24, 2010 to July 15, 2010 | $ 210,127.57 |
| July 15, 2010 to February 28, 2014 | $ 275,487.87 |
| June 7, 2012 through February 28, 2014 | $ 478,938.05 |
| March 1, 2014 through the end of September, 2015 | $ 79,145.23 |
| September 15, 2015 until August 31, 2015 | $ 87,207.82 |
| September 1, 2016 – present | $ 67,782.88 |
| Total | $1,522,714.49 |

R+L argues again with regard to this Defendant, that fees should not be recoverable for any of the attorney work prior to the MDL consolidation nor any work that did not result in a clear cut victory for Intermec. The Court, in contrast, views the progress of this case rather like a war. There were numerous skirmishes resulting in relatively small defeats for the Defendants, but the case ultimately culminated in the grant of summary judgment to Intermec and the other Defendants—thus winning the war. However, the Court will partially disallow fees related to Intermec's first unsuccessful appeal in the sum of $206,631.06.[2]

R+L concedes that Intermec prevailed on the contributory infringement claim in the first appeal. Intermec was obliged to respond to R+L's amended complaint that still contained the contributory infringement claim, but in that regard the Court notes that Qualcomm and PeopleNet reduced their requests for fees in regard to the first appeal to two-thirds of the attorneys' fees incurred during that time period to reflect their partial success. The Court will do likewise here. Intermec's fees award will be reduced for the period of February 24, 2010 to July 15, 2010 to $138,684.20. R+L further argues that costs and fees related to the informational

---
[2] The Court notes that PeopleNet and Microdea did not seek fees in connection with the first appeal.

tutorial and initial disclosures were inevitable. Thus R+L argues that there should be no fees awarded for those activities.

The logic of R+L's argument is difficult to perceive. R+L failed in its pre-filing investigation causing these activities. Although R+L concedes that roughly 14% of the fees billed for this period (between the initial pleadings and Defendants' first Rule 12 Motion) are based upon an assessment of the number of pages of Defendants' pleadings devoted to the contributory infringement claim, it also admits that at least this percentage of fees may be justifiably awarded to Intermec. R+L, however, does not quantify the conceded amount. This argument overlaps the argument regarding the degree of success Intermec enjoyed as a result of the partial affirmance in the second appeal on the issue of contributory infringement. This would be double counting a reduction of Intermec's fees. R+L says that Intermec's billing records contain accounting discrepancies and over-billing but it does not elaborate. R+L also assails the Defendants' fee petitions for duplicative work, excessive conferencing and work that was unrelated to this lawsuit, again without quantifying the charges.

Taking R+L's arguments *seriatim*, the Court does not find that any of the fees incurred for what R+L describes as "expenses that are entirely unrelated to defendants" (Doc. No. 441-3, Page ID #17079-17082) should be deducted from Intermec's recovery. The work seems imminently necessary for pursuing a resolution of this case in Intermec's behalf. R+L's attempt to separate the individual Defendants into unrelated cases with no need for overlap in attorneys' work is a feckless effort.

R+L's challenge to Intermec's fees related to the unfiled summary judgment motion is well-taken. Intermec cannot recover fees for this work. R+L quantifies this reduction at $12,619.85. (Doc. No. 441-5, Page ID #17110-11.)

R+L posits that Intermec engaged in excessive conferencing. Indeed, R+L takes the position that any fees incurred for any work done that was not exclusively limited to Intermec should be deducted from the total fees sought. (Doc. No. 441-6, Page ID #17177-244.) This amounts to $889,406.00. Compared to PeopleNet and Microdea the fees sought are more than double. The Court finds Intermec's conferencing fees are out of line with other Defendants. R+L sets PeopleNet and Microdea's "excessive conferencing" at $356,690.89 and DriverTech's at $220,984.00. The Court concludes that Intermec should recover conferencing fees reduced to somewhere near the average of the other remaining Defendants. Intermec's fee request should be reduced to $288,837.45—a reduction of $600,568.55.

R+L further argues that Intermec incurred "clerical expenses" that should not be awarded in the sum of $30,914.00. (Doc. No. 441-10, Page ID #17347-49). Clerical expenses are recoverable at reasonable rates for reasonably necessary work. Of the work listed in R+L's opposition, the Court finds that $12,849.00 was billed for work that should have been performed at the paralegal or associate level. The "timekeeper[s]" listed hourly fees ranging from a low of $110/hr. to a high of $235/hr.[3] The Court will reduce these fees to 50% of the "clerical expenses" sought to account for the appropriate level of staff attention. The balance cited in R+L's Exhibit H is work performed by attorneys at reasonable rates for reasonably necessary work in the sum of $18,065.50. The Court will not deduct any more for "clerical expenses." Consequently, the Court will reduce the clerical expenses by $6,242.50.

The Court concludes that Intermec's reasonable fees and expenses in this case amount to $903,101.59, which are awarded to Intermec and justified by R+L's abusive litigation practices in this matter.

---

[3] Not including Messrs. Veach and Koering

R+L makes a few weak attempts to defend its appeal of this Court's summary judgment of invalidity. It generally argues that the law regarding Section 101 is unsettled and much in need of clarification. As a general rule, this may be true. Indeed, there may be gray areas and close calls, but this case is far from uncertain. The Federal Circuit's Rule 36 summary affirmance speaks volumes about the weakness of R+L's appeal. Any reasonable litigant, well advised by competent counsel in R+L's shoes should have recognized that its chances of success on appeal would be virtually nil. R+L's arguments against this Court's grant of summary judgment were, indeed, "certainly and objectively without merit." (Doc. No. 461, at 3).

R+L quibbles with Intermec's claim for a "joint defense fee" paid to Norton Rose Fulbright. (Doc. No. 461-2, Page ID #17642-43). R+L obliquely argues that no other party sought a similar fee, nor does R+L discern any adjustment reflecting this charge in the fees requests of the other defendants. R+L does not argue that the work was not done, was unnecessary or overpriced. At best R+L seems to take umbrage that the Norton Rose fee was not divided among the Defendants' petitions for fees. Why this matters in the final analysis is unclear. At any rate the Court rejects the argument.

R+L points out correctly that Intermec's original petition lacked "an explanation for the amount sought for Norton Rose and any corresponding time entries." (Doc. No. 468, at 4). However, those omissions were satisfactorily addressed in Intermec's reply. Intermec points out that the Norton Rose invoices were attached as Exhibit 1 to the Declaration of Carson P. Veach in Support of Intermec's Supplemental Petition for Attorneys' Fees (Doc. No. 461-2). Additionally, the second Declaration of Carson P. Veach in Support of Intermec's Supplemental Petition for Attorneys' Fees includes the Norton Rose time entries for the appeal work and shows that Intermec was billed for $75,000. This amount was pursuant to a pre-existing agreement and

appears to have been less than the total amount shown in the Norton Rose time entries. Accordingly, the Court will allow the fees billed by Norton Rose.

R+L argues that the Court needs to determine that its appeal itself was exceptional, citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc*. 134 S. Ct. 1749 (2014). Unfortunately for R+L, that case does not stand for that premise. While the case deals with the appropriate standard for determining an "exceptional case," it does not speak to the parsing of the phases of the case for finding it to be exceptional. Moreover, if the appeal were to be examined for "frivolousness, . . . objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" the Court would be hard pressed to find a more egregious example of unreasonable conduct and exceptionally meritless claims. The Court is obliged to consider the totality of the circumstances of the case, *id.* at 1756, and R+L's appeal was simply the culmination of a series of positions and actions taken reflecting the unreasoning pursuit of its perceived competitors. *See Therasense, Inc. v Beaton, Dickerson & Co*., 745 F.3d 513, 516-17 (Fed. Cir. 2014) (stating that "§ 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals.").

In *Inventor Holdings, LLC v Bed, Bath & Beyond*, 876 F.3d 1372 (Fed. Cir. 2017), a case very similar to our own, the Federal Circuit pointed out that the appellant should have reevaluated its case after *Alice* and dismissed the action. Inventor Holdings argued in that case that Section 101 was an "evolving area of law" making patent eligibility analysis difficult and uncertain. The district court had determined that "following the *Alice* decision, Inventor Holdings' claims were objectively without merit." *Id.* at 1372. The district court concluded that the case was "exceptional based solely on the weakness of Inventor Holdings' post *Alice* patent

eligibility arguments and the need to deter future "wasteful litigation" on similarly weak arguments." *Id.* This Court is equally convinced that an award of attorneys' fees in this case is necessary to deter wasteful litigation in the future. As with Inventor Holdings, this Court believes that R+L's claims were dubious even before the *Alice* decision. And yet we find ourselves eight years after this case was initiated, and three appeals later reaching what seemed obvious long ago, *i.e.* that R+L had no patentable invention. It was an abstract idea implemented by generic off-the-shelf electronics. Paraphrasing the Federal Circuit in Inventor Holdings, R+L's alleged invention did not require this Court or the Federal Circuit "to engage in a difficult line-drawing exercise for a claimed invention resting on, or anywhere near the margins of patent-eligibility." *Id*. at 1379. R+L had a "responsibility to reassess its case in view of new controlling law." *Id.* There were obvious issues with R+L's '078 patent claims both pre- and post-*Alice* that R+L steadfastly refused to recognize.[4]

Further indicative of R+L's willful blindness to the legal and factual realities of its' position is its filing of a Petition for Writ of Certiorari which was another example of wasteful litigation which poisons this entire case from beginning to end.

In a final attempt to pare down if not wholly avoid an award of attorneys' fees and costs, R+L argues that the Court should discount Intermec's appeal award by 15% in consideration of the excessive hours spent conferencing. The Court agrees and reduces Intermec's appeal fee awards by $21,870.45 (.15 x $145,803.00). Intermec is entitled to recover $123,932.55 for its appellate attorneys' fees.

---

[4] The Court would prefer to believe that this unreasoning drive to persevere in this case derives from a client's failure to appreciate the meritlessness of its legal and factual position rather than a misplaced confidence in R+L's claims by capable and experienced counsel.

## Conclusion

Therefore, the Court awards Intermec the total sum of $1,027,034.14.

**IT IS SO ORDERED**.

Dated: June 4, 2018                    _/s/Sandra S. Beckwith_ _____
                                       Sandra S. Beckwith
                                       Senior United States District Judge